**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| BLACK ROCK CITY LLC, </br></br> Plaintiff, </br></br> v. </br></br> DAVID BERNHARDT, </br> SECRETARY OF THE INTERIOR *et al.*, </br></br> Defendants. | Civil Action No. 19-cv-03729-DLF |

**DEFENDANTS' UNOPPOSED MOTION FOR RELIEF**
**FROM THE REQUIREMENTS OF LOCAL CIVIL RULE 7(N)**

Defendants hereby seek relief from the requirement under Local Civil Rule 7(n) to file a certified list of the contents of the agency administrative records simultaneously with the filing of any dispositive motion. In support of this motion, Defendants state the following:

1. Local Rule 7(n) requires that:

> [i]n cases involving the judicial review of administrative agency actions, unless otherwise ordered by the Court, the agency must file a certified list of the contents of the administrative record with the Court within 30 days following service of the answer to the complaint or simultaneously with the filing of a dispositive motion, whichever occurs first.

The Rule appears on its face to require the agency to file a certified list of the contents of the agency administrative record with the Court simultaneously with the filing of <u>any</u> dispositive motion, including a motion under Fed. R. Civ. P. 12(b).

2. This case involves claims alleging that Defendants have unlawfully withheld or unreasonably delayed agency action, namely, through the failure of the Interior Board of Land

Appeals to have yet decided one more of Plaintiff's appeals that are "under review" before that body, in violation of the Administrative Procedure Act (APA).  5 U.S.C. § 706(1).

3. Judicial review of the merits of Plaintiff's claims would require Defendants to prepare an administrative record.  *See* 5 U.S.C. § 706 (a reviewing court "shall review the whole record or those parts of it cited by a party[.]").

4. Defendants' response to the Complaint is due May 25, 2020.  Defendants currently anticipate filing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  In reviewing such a motion, the Court may "consider only the facts alleged in the complaint, any documents either attached to or incorporated [by reference] in the complaint and matters of which [the court] may take judicial notice."  *Trudeau v. FTC*, 456 F.3d 178, 183 (D.C. Cir. 2006).  Thus, in deciding the Defendants' motion, it will not be necessary for the Court to consider the administrative record.

5. The stated purpose of Rule 7(n) is "to assist the Court in cases involving a voluminous record (e.g., environmental impact statements) by providing the Court with copies of relevant portions of the record relied upon in any dispositive motion."  Local Civ. R. 7(n) (comments).  This suggests that the rule is intended to apply only to those dispositive motions that are based on the agency's administrative record, such as motions for summary judgment.

6. The D.C. Circuit has long recognized that a court can resolve APA claims at the motion to dismiss stage without the administrative record if the record is not germane to the issues presented in the motion to dismiss.  *See Am. Bankers Ass'n v. Nat'l Credit Union Admin.*, 271 F.3d 262, 266 (D.C. Cir. 2001) (affirming district court's dismissal of plaintiff's claims and rejecting appellant's argument that the district court erred in refusing to compel production of the administrative record before deciding motion to dismiss); *Carroll v. Office of Fed. Contract*

*Compliance Programs, U.S. Dep't of Labor*, 235 F. Supp. 3d 79, 81 n.1 (D.D.C. 2017) (Leon, J.) (granting motion to dismiss and finding lack of certified list of contents of the administrative record "immaterial" to the Court's resolution of the motion to dismiss). Other examples in this Court include cases granting similar requests for relief from Local Rule 7(n) and granting Rule 12(b)(6) motions to dismiss APA § 706(1) "failure to act" claims. *Connecticut v. U.S. Dep't of Interior*, 344 F. Supp. 3d 279, 320 (D.D.C. 2018) (Contreras, J.) (motion at Dkt. 49 in Case No. 17-cv-2564); *Center for Biological Diversity v. Zinke*, 260 F.Supp.3d 11 (D.D.C. 2017) (Brown Jackson, J.) (motion at Dkt. 12 in Case No. 16-cv-0738, granted by minute order entry); *Anglers Conservation Network v. Pritzker*, 70 F.Supp.3d 427 (D.D.C. 2014), *aff'd*, 809 F.3d 664 (D.C. Cir. 2016) (motion at Dkt. 13 in Case No. 13-cv-1761, granted by Order at Dkt. 22).

7. In the event the Court denies the motion to dismiss, Defendants will file a certified copy of the contents of the administrative record no later than 30 days after the filing of Defendants' answer, or as otherwise directed by the Court.

In light of the foregoing, Defendants respectfully request that they be excused from the requirement to file a certified copy of the contents of the agency administrative record simultaneously with a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Local Civil Rule 7(m), counsel for Defendants conferred with counsel for Plaintiff, who indicated that Plaintiff does not oppose Defendants' motion for relief from the requirements of Local Rule 7(n).

DATE: May 21, 2020                    Respectfully submitted,

                                      PRERAK SHAH
                                      Deputy Assistant Attorney General
                                      Environment and Natural Resources Division
                                      United States Department of Justice

   */s/ Paul A. Turcke*
PAUL A. TURCKE
Trial Attorney
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: 202-353-1389
E-mail: paul.turcke@usdoj.gov

*Counsel for Defendants*