IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BLACK ROCK CITY LLC, *et al.*

    Plaintiffs,

v.                                                                                          Civ. Action No. 1:19-cv-03729-DLF

DAVID L. BERNHARDT, *et al.*

    Defendants.

_____

**PLAINTIFFS' MOTION TO AMEND COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15, Plaintiffs Black Rock City LLC and Burning Man Project (collectively, "BMP") move for leave to amend its Complaint. Federal Defendants have stated that they will review the motion before determining their position.

Federal Rule of Civil Procedure 15(a) requires that leave to file an amended complaint "shall be freely given when justice so requires." *Harrison v. Rubin*, 174 F.3d 249, 252 (D.C. Cir. 1999). Indeed, the amendment process is so intentionally permissive that "the non-movant generally carries the burden in persuading the court to deny leave to amend." *Paxton v. Washington Hospital Ctr. Corp.*, 299 F.R.D. 335, 335 (D.D.C. 2014). "Denial of leave to amend therefore constitutes an abuse of discretion unless the court gives sufficient reason, such as futility of amendment, undue delay, bad faith, dilatory motive, undue prejudice or repeated failure to cure deficiencies by previous amendments." *Pietsch v. McKissack & McKissack*, 677 F. Supp. 2d 325, 328 (D.D.C. 2010) (*citing Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C.*, 148 F.3d 1080, 1083 (D.C. Cir. 1998)).

There is no reason in the instant case to deny leave to amend. On May 22, 2020, Defendants filed a Motion to Dismiss Plaintiffs' Complaint for failure to state a claim. (Dkt. No. 16). While BLM has previously strictly interpreted the exhaustion requirements of 43 C.F.R. § 4.21 (thereby requiring cost recovery proceedings to first be brought before the Interior Board of Land Appeals ("IBLA")), Defendants' Motion to Dismiss asserted Plaintiffs "need not wait for the IBLA to act before seeking judicial review of BLM's decisions in this Court" because "the appeal regulations do not make an IBLA decision a prerequisite to district court review under the circumstances of the case." *Id.* at 16 (Dkt No. 16-1). Prior to Defendants filing their motion, the Parties conferred to discuss extending the period for Plaintiffs to respond in order to continue settlement discussions over issues related to the Burning Man Event. During the meet and confer, the Parties discussed the probability of an Amended Complaint being filed in this matter. As a result, concurrent with the Motion to Dismiss, Defendants filed a Stipulation Proposing Schedule on Motion to Dismiss requesting the Court to extend the deadline to respond. (Dkt. No. 16). On May 22, 2020 the Court issued a Minute Order extending the deadline to respond to the motion to dismiss by 45 days. On July 6, 2020, Plaintiffs filed an Amended Complaint responsive to Defendants' Motion to Dismiss and narrowing the issues for consideration. (Dkt. No. 17).

Pursuant to Rule 15(a), a party may amend its pleading once as a matter of course 21 days after service of a motion under Rule 12(b). Rule 6(b) allows for the court to extend any deadline for good cause with the exception of certain post-judgement motions. While the stipulation inadvertently did not clarify that Plaintiffs were considering an amended complaint as a response, considering the early stage of this litigation, the Court has discretion to extend the time period in which Plaintiff may amend the complaint as a matter of course to meet the Parties' goals of judicial economy.

Alternatively, there is no undue delay, dilatory motive, or bad faith in seeking this amendment. The Amended Complaint, attached hereto as **Exhibit A**, maintains the same essential allegations against the same defendants related to the same actions, but accounts for Defendants' statement that IBLA review is not a prerequisite to challenging BLM's decisions. Defendants will in no way be prejudiced if the Complaint is amended at this time period. The determination of whether prejudice would occur often includes assessing whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories. That is not the case here. Finally, none of the other factors that may militate against it is present in this case -- Plaintiffs have at all times conducted these proceedings in good faith. Consistent with the liberal standard that applies to motions to amend under Rule 15(a)(2), the Court should therefore grant Plaintiffs' motion.

Respectfully submitted this 21th day of July, 2020.

HOLLAND & KNIGHT LLP

By: ⎯⎯/s/ Rafe Petersen

Rafe Petersen (Bar ID Number: 465542)
Nicholas W. Targ
Alexandra E. Dobles
800 17th Street NW, #1100
Washington, D.C. 2006
(202) 419-2481

*Attorneys for Plaintiffs Black Rock City LLC and Burning Man Project*

3

#76848819_v3