## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| BLACK ROCK CITY LLC and BURNING MAN PROJECT, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | Civil Action No. 19-cv-03729-DLF |
| v. | ) ) | |
| DAVID BERNHARDT, SECRETARY OF THE INTERIOR *et al*., | ) ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS' ANSWER
## TO FIRST AMENDED COMPLAINT

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Federal Defendants David Bernhardt, Secretary of the Interior; United States Department of the Interior; and Winnemucca District, United States Bureau of Land Management ("BLM"); plead as follows in response to Plaintiffs' First Amended Complaint, *see* ECF No. 21.

## INTRODUCTION

1.      The allegations in Paragraph 1 constitute Plaintiffs' characterization of their case and legal conclusions, to which no response is required.  To the extent a response is deemed required, Federal Defendants deny each of the allegations.

2.      Federal Defendants admit that Plaintiffs must obtain a Special Recreation Permit ("SRP") each year to hold the Burning Man event on public lands, but the remaining allegations of the first sentence of Paragraph 2 constitute Plaintiffs' characterization of their case and legal conclusions, to which no response is required.  The allegations in the second sentence of Paragraph 2 constitute Plaintiffs' characterization of their case and legal

conclusions, to which no response is required.  To the extent a response is deemed required, Federal Defendants deny each of the allegations.

3.      Federal Defendants admit that through the SRP process, the BLM annually requires Plaintiff to pay the costs prescribed by regulation associated with administration of the permit for the Burning Man event, but deny the remaining allegations in the first sentence of Paragraph 3.  Federal Defendants admit that Plaintiff is required to sign and pay the amount of the Cost Recovery Estimate prior to receiving the SRP, but deny the remaining allegations in the second sentence of Paragraph 3.  Federal Defendants deny the allegations that characterize BLM in the third, fourth, and fifth sentences of Paragraph 3, and lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in those sentences, and on that basis deny them.

4.      The allegations in the first half of Paragraph 4 purport to characterize the BLM's cost recovery decisions, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning and context of the BLM's cost recovery decisions.  Federal Defendants admit that Plaintiffs must comply with the BLM decisions in order to maintain a Special Recreation Permit on BLM-administered lands, but deny the remaining allegations in the second half of Paragraph 4.

5.      Federal Defendants deny the allegations in Paragraph 5.

6.      The allegations in Paragraph 6 constitute Plaintiffs' characterization of their case and legal conclusions, to which no response is required.  To the extent a response is deemed required, Federal Defendants deny each of the allegations.

## JURISDICTION AND VENUE

7.      The allegations in Paragraph 7 are Plaintiffs' description of the statutory nature of their suit and contain conclusions of law that require no response. To the extent a response is deemed required, Federal Defendants deny each of the allegations.

8.      The allegations in Paragraph 8 are conclusions of law that require no response. To the extent a response is deemed required, Federal Defendants deny each of the allegations.

9.      The allegations in Paragraph 9 are conclusions of law that require no response. To the extent a response is deemed required, Federal Defendants deny each of the allegations.

10.      The allegations in Paragraph 10 are conclusions of law that require no response. To the extent a response is deemed required, Federal Defendants deny each of the allegations.

11.      The allegations in Paragraph 11 are conclusions of law that require no response. To the extent a response is deemed required, Federal Defendants deny each of the allegations.

## PARTIES

12.      Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 12 and deny these allegations on that basis.

13.      Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 13 and deny these allegations on that basis.

14.      Federal Defendants admit that the BLM granted Plaintiffs SRPs that authorized the Burning Man event to be held on public lands located within the Black Rock Desert-High Rock Canyon Emigrant Trails National Conservation Area ("NCA") in Pershing County,

Nevada from 1992 through 1996 and from 1998 through 2019, but deny the remaining allegations in Paragraph 14.

  15.  Federal Defendants admit the allegations in Paragraph 15.

  16.  Federal Defendants admit the allegations in Paragraph 16.

  17.  Federal Defendants admit the allegations in Paragraph 17.

**STATUTORY FRAMEWORK**

  18.  The allegations in Paragraph 18 purport to characterize the provisions of the Administrative Procedure Act, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute.

  19.  The allegations in Paragraph 19 purport to characterize the provisions of the Federal Land Policy and Management Act ("FLPMA"), which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute.

  20.  The allegations in Paragraph 20 purport to characterize the provisions of the Federal Lands Recreation Enhancement Act ("FLREA"), which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute.

  21.  The allegations in Paragraph 21 purport to characterize the BLM's regulations at 43 C.F.R. Part 2920, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the regulations.

22.     The allegations in Paragraph 22 purport to characterize the BLM's regulations at 43 C.F.R. Part 2930, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the regulations.

23.     The allegations in Paragraph 23 purport to characterize the BLM's Recreation Permit and Fee Administration Handbook H-2930-1, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the handbook.

24.     The allegations in Paragraph 24 purport to characterize the BLM's Recreation Permit and Fee Administration Handbook H-2930-1, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the handbook.

25.     The allegations in Paragraph 25 purport to characterize the BLM's Recreation Permit and Fee Administration Handbook H-2930-1, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the handbook.

26.     The allegations in Paragraph 26 purport to characterize the BLM's Manual MS-1323, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the manual.

27.     The allegations in Paragraph 27 purport to characterize the BLM's Manual MS-1323, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the manual.

## FACTUAL ALLEGATIONS

28.     Federal Defendants admit the allegations in Paragraph 28, as well as the allegation in footnote 1 that the Event was cancelled in 2020.  Federal Defendants lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations in footnote 1 and deny these allegations on that basis.

29.     The allegations in the first sentence of Paragraph 29 purport to characterize Black Rock Desert-High Rock Canyon Emigrant Trails National Conservation Area Act of 2000, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statute.  The allegations in the second sentence of Paragraph 29 purport to characterize the Resource Management Plan for the NCA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the Resource Management Plan.

30.     Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 and on that basis deny them.

31.     Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 and footnote 2 and on that basis deny them.

32.     Federal Defendants admit that Plaintiffs conduct operations addressing some or all of the subject matter described in Paragraph 32, but otherwise lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 and on that basis deny them.

33.     The allegations in the first and second sentences of Paragraph 33 purport to characterize the Leave No Trace standards developed for the Burning Man event, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the Leave No Trace standards.  Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in the third and fourth sentences of Paragraph 33 and on that basis deny them.  Federal Defendants admit the allegations in the fifth and sixth sentences of Paragraph 33.

34.     The allegations in the first sentence of Paragraph 34 purport to characterize FLPMA and FLREA, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statutes.  The allegations in the second sentence of Paragraph 34 are vague and ambiguous and Federal Defendants on that basis deny them.  Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 34 and on that basis deny them.

35.     Federal Defendants admit the allegations in Paragraph 35.

36.     The allegations in Paragraph 36 purport to characterize the statutes, regulations, and guidance regarding cost recovery, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the cited statutes, regulations, and guidance.

37.     The allegations in Paragraph 37 purport to characterize the statutes, regulations, and guidance regarding cost recovery, which speak for themselves and are the best evidence of

their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the cited statutes, regulations, and guidance.

38.      Federal Defendants admit the allegations in Paragraph 38.

39.      Federal Defendants admit the allegations in Paragraph 39.

40.      The allegations in Paragraph 40 purport to characterize the BLM's cost recovery decisions and the Burning Man event population numbers, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the BLM's decisions and the event population.

41.      The allegations in Paragraph 41 purport to characterize the BLM's cost recovery analysis and decisions, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the BLM's analysis and decisions.

42.      Federal Defendants deny the allegations in Paragraph 42.

43.      Federal Defendants admit that Plaintiff has requested explanations about why various costs were necessary for the administration of the Burning Man SRP, but Federal Defendants aver that the BLM has provided such explanations, and otherwise deny the allegations of Paragraph 43.

44.      Federal Defendants deny the allegations in Paragraph 44.

45.      Federal Defendants deny the allegations in the first half of Paragraph 45. Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in the second half of Paragraph 45 and on that basis deny them.

46.     The allegations in Paragraph 46 and footnote 3 purport to characterize the cited news articles, which speaks for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the articles.

47.     The allegations in the first sentence of Paragraph 47 are vague and ambiguous and Federal Defendants deny them on that basis.  Federal Defendants deny the allegations in the first half of the second sentence of Paragraph 47.  The allegations in the second half of the second sentence of Paragraph 47 purport to characterize the BLM's law enforcement statistics, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the statistics.  The allegations in the third sentence of Paragraph 47 purport to characterize the BLM's cost recovery analysis and decisions, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the analysis and decisions.

48.     The allegations in the first sentence of Paragraph 48 purport to characterize the BLM's cost recovery analysis and decisions, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the analysis and decisions.  Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 48 and on that basis deny them.

49.     The allegations in the first and second sentences of Paragraph 49 purport to characterize the BLM's cost recovery analysis and decisions, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent

with the plain language, meaning, and context of the analysis and decisions.  Federal Defendants deny the allegations in the third sentence of Paragraph 49.  The allegations in the fourth sentence of Paragraph 49 constitute Plaintiff's characterization of its case and legal conclusions, to which no response is required.  To the extent a response is deemed required, Federal Defendants deny each of the allegations.

50.     The allegations in the first sentence of Paragraph 50 purport to characterize the BLM's Phase 2 cost recovery estimate decisions, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the decisions.  Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 50 and on that basis deny them.

51.     Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 and on that basis deny them.

52.     Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 52 and on that basis deny them.  Federal Defendants deny the allegations in the second and third sentences of Paragraph 52.

53.     Federal Defendants deny the allegations in the first and second sentences of Paragraph 53.  Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 53 and on that basis deny them.

54.     Federal Defendants deny the allegations in Paragraph 54.

55.     The allegations in Paragraph 55 purport to characterize the BLM's cost recovery analysis and decisions from 2011 and 2012, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the analysis and decisions.  Federal Defendants deny the allegations in the first two sentences of footnote 4.  Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning Plaintiffs' beliefs or motivations for filing an appeal(s) contained in the last two sentences of footnote 4 and on that basis deny them, and otherwise deny the allegations contained in the last two sentences of footnote 4.

56.     Federal Defendants admit the allegations in the first sentence of Paragraph 56. The allegations in the second sentence of paragraph 56 purport to characterize the regulation at 5 C.F.R. § 550.103, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the regulation.

57.     The allegations in the first and second sentences of paragraph 57 purport to characterize the BLM's emergency designations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the designations.  Federal Defendants deny the allegations in the third sentence of Paragraph 57.  Federal Defendants admit that the emergency designation was in place for the Burning Man events from 2012 through 2016 and those designations were reflected in the BLM's cost recovery decisions, but deny the remaining allegations in the fourth sentence of Paragraph 57.  Federal Defendants deny the allegations in the fifth sentence of Paragraph 57.  Federal Defendants lack knowledge and

11

information sufficient to form a belief as to the truth of the allegations contained in the sixth sentence of Paragraph 57 and on that basis deny them.

58.     The allegations in Paragraph 58 purport to characterize the BLM's cost recovery analysis and decision from 2013, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the analysis and decision.

59.     The allegations in Paragraph 59 and footnote 5 purport to characterize the BLM's cost recovery analysis and decision from 2014 and the Memorandum of Understanding (MOU) between the BLM and Plaintiff, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language of the analysis and decision and the MOU.

60.     Federal Defendants deny the allegations in the first and third sentences of Paragraph 60.  The allegations in the second sentence of Paragraph 60 purport to characterize a letter authored by Senator Harry Reid, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the letter.

61.     The allegations in the first and second sentences of Paragraph 61 purport to characterize the BLM's cost recovery estimate from 2015 and FLPMA, FLREA, and the SRP regulations, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language of the estimate, the statutes, and the regulations.  Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 61 and on that basis deny them.

62.     The allegations in Paragraph 62 purport to characterize the BLM's cost recovery analysis and decision from 2015, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the analysis and decision.

63.     The allegations in the first sentence of Paragraph 63 purport to characterize Plaintiffs' written communications to the BLM, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the communications.  Federal Defendants deny the allegations in the second sentence of Paragraph 63.  The allegations in footnote 6 purport to characterize Plaintiffs' appeal in IBLA 2016-115, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with its plain language, meaning, and context.

64.     The allegations in the first sentence of Paragraph 64 are vague and ambiguous and Federal Defendants on that basis deny them.  Federal Defendants deny the allegations in the second sentence of Paragraph 64.

65.     The allegations in Paragraph 65 purport to characterize the BLM's cost recovery analysis and decision from 2016, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the analysis and decision.

66.     The allegations in Paragraph 66 purport to characterize the BLM's cost recovery analysis and decision from 2016, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the analysis and decision.

67.     The allegations in Paragraph 67 purport to characterize the BLM's cost recovery analysis and decision from 2016, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the analysis and decision.  The allegations in footnote 7 purport to characterize Plaintiffs' appeal in IBLA 2017-126, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with its plain language, meaning, and context.

68.     The allegations in Paragraph 68 purport to characterize the BLM's cost recovery analysis and decision from 2017, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the analysis and decision.  The allegations in footnote 8 purport to characterize Plaintiffs' appeal in IBLA 2018-86, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with its plain language, meaning, and context.

69.     The allegations in the first and second sentence of Paragraph 69 purport to characterize the BLM's designation of the Burning Man event as mission critical, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the designation.  Federal Defendants deny the allegations in the third sentence of Paragraph 69.

70.     The allegations in Paragraph 70 purport to characterize the BLM's cost recovery analysis and decision from 2018, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the analysis and decision.

71.     The allegations in Paragraph 71 purport to characterize the BLM's cost recovery analysis and decision from 2018, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the analysis and decision.

72.     The allegations in Paragraph 72 purport to characterize the BLM's cost recovery analysis and decision from 2018, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the analysis and decision. The allegations in footnote 9 purport to characterize Plaintiffs' appeal in IBLA 2019-109, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with its plain language, meaning, and context.

73.     Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 73 and on that basis deny them.  Federal Defendants deny the allegations in the second and third sentences of Paragraph 73.  The allegations in footnote 10 purport to characterize Plaintiffs' appeal in IBLA 2020-302, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with its plain language, meaning, and context.

74.     The allegations in Paragraph 74 purport to characterize the BLM's cost recovery analysis, decisions and SRP fees paid by Plaintiff from 2015 through 2019, which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the analysis, decisions and SRP fees.

75.     Federal Defendants admit that the BLM issued cost recovery decisions to Plaintiff for the referenced annual Burning Man events, but deny the remaining allegations in Paragraph 75.

76.     Federal Defendants admit that the BLM issued a cost recovery estimate for the 2020 Burning Man event, but deny the remaining allegations in the first sentence of Paragraph 76.  The allegations in the second, third, and fourth sentence of Paragraph 76 purport to characterize the BLM's cost recovery estimate for the 2020 Burning Man event, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations inconsistent with the plain language, meaning, and context of the estimate.  The allegations in the fifth sentence of Paragraph 76 constitute Plaintiff's characterization of its case and legal conclusions, to which no response is required.  To the extent a response is deemed required, Federal Defendants deny each of the allegations.

77.     Federal Defendants deny the allegations in the first sentence of Paragraph 77.  Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in the second and third sentences of Paragraph 77 and on that basis deny them.

78.     Federal Defendants admit that the BLM issues SRPs and cost recovery decisions and also that the Interior Board of Land Appeals hears appeals in accordance with 43 C.F.R. Part 4, but denies the remaining allegations in the first sentence of Paragraph 78.  Federal Defendants deny the allegations in the second sentence of Paragraph 78.

79.     The allegations in Paragraph 79 constitute Plaintiff's characterization of its case and legal conclusions, to which no response is required.  To the extent a response is deemed required, Federal Defendants deny each of the allegations.

16

## CAUSE OF ACTION

80.     Federal Defendants repeat and incorporate by reference their responses to the referenced preceding paragraphs of this Answer.

81.     The allegations of Paragraph 81 contain conclusions of law that require no response.  To the extent a response is deemed required, Federal Defendants deny each of the allegations.

82.     Federal Defendants deny the allegations of Paragraph 82.

83.     Federal Defendants deny the allegations of Paragraph 83.

84.     The allegations in Paragraph 84 constitute Plaintiff's characterization of its case and legal conclusions, to which no response is required. To the extent a response is deemed required, Federal Defendants deny each of the allegations.

85.     The allegations of Paragraph 85 contain conclusions of law that require no response.  To the extent a response is deemed required, Federal Defendants deny each of the allegations.

86.     The allegations of Paragraph 86 contain conclusions of law that require no response.  To the extent a response is deemed required, Federal Defendants deny each of the allegations.

87.     The allegations of Paragraph 87 contain conclusions of law that require no response.  To the extent a response is deemed required, Federal Defendants deny each of the allegations.

88.     The allegations of Paragraph 88 contain conclusions of law that require no response.  To the extent a response is deemed required, Federal Defendants deny each of the allegations.

89.     The allegations of Paragraph 89 contain conclusions of law that require no response.  To the extent a response is deemed required, Federal Defendants deny each of the allegations.

## PRAYER FOR RELIEF

The remainder of the First Amended Complaint constitutes Plaintiffs' request for relief, to which no response is required. To the extent a response may be deemed required, Federal Defendants deny that Plaintiffs are entitled to the relief sought or any form of relief.

## GENERAL DENIAL

Federal Defendants deny any allegations of the First Amended Complaint, whether express or implied, including any allegations reflected in the Complaint's section headings, that are not specifically admitted, denied, or qualified herein.

## AFFIRMATIVE DEFENSES

1.     Plaintiffs fail to state a claim upon which relief may be granted.

2.     Plaintiffs lack standing to bring some or all of their claims.

3.     Plaintiffs have failed to properly establish subject matter jurisdiction.

4.     Plaintiffs have failed to demonstrate that some or all of their claims are ripe for judicial review.

DATE: October 6, 2020                    Respectfully submitted,

                                         JEAN E. WILLIAMS
                                         Deputy Assistant Attorney General
                                         Environment and Natural Resources Division
                                         United States Department of Justice

*/s/ Paul A. Turcke*
PAUL A. TURCKE
Trial Attorney
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: 202-353-1389
E-mail: paul.turcke@usdoj.gov

*Counsel for Federal Defendants*