APPEAL,CLOSED,TYPE-E

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:19-cv-03729-DLF

| | |
|---|---|
| BLACK ROCK CITY LLC v. BERNHARDT et al | Date Filed: 12/13/2019 |
| Assigned to: Judge Dabney L. Friedrich | Date Terminated: 03/21/2022 |
| Cause: 05:0706 Judicial Review of Agency Actions | Jury Demand: None |
| | Nature of Suit: 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| | Jurisdiction: U.S. Government Defendant |

**Plaintiff**

**BLACK ROCK CITY LLC**
represented by **Rafe Petersen**
HOLLAND & KNIGHT LLP
1800 17th st., NW
1100
Washington, DC 20006
(202) 419-2481
Fax: (202) 955-5564
Email: rafe.petersen@hklaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**BURNING MAN PROJECT**
represented by **Rafe Petersen**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**DAVID L. BERNHARDT**
*in his official capacity as Secretary of the United States Department of the Interior*
represented by **Paul A. Turcke**
U.S. DEPARTMENT OF JUSTICE
150 M Street NE
Room 3.1605
Washington, DC 20002
202-353-1389
Email: paul.turcke@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Sean Sawyer**
U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources
601 D St, NW
Washington, DC 20004
(202) 514-5273
Email: michael.sawyer@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**UNITED STATES DEPARTMENT OF THE INTERIOR**

represented by **Paul A. Turcke**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Sean Sawyer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**WINNEMUCCA DISTRICT OFFICE FOR THE BUREAU OF LAND MANAGEMENT**

represented by **Paul A. Turcke**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Sean Sawyer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**INTERIOR BOARD OF LAND APPEALS**
*TERMINATED: 07/06/2020*

represented by **Paul A. Turcke**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Sean Sawyer**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Select all / clear | Sort Order | Docket Text |
|---|---|---|---|---|
| 12/13/2019 | 1 | ☐ | | COMPLAINT against DAVID L. BERNHARDT, INTERIOR BOARD OF LAND APPEALS, UNITED STATES DEPARTMENT OF THE INTERIOR, WINNEMUCCA DISTRICT OFFICE FOR THE BUREAU OF LAND MANAGEMENT ( Filing fee $ 400 receipt number ADCDC-6646009) filed by BLACK ROCK CITY LLC. (Attachments: # 1 Civil Cover Sheet, # 2 Summons, # 3 Summons, # 4 Summons, # 5 Summons)(Petersen, Rafe) (Entered: 12/13/2019) |
| 12/13/2019 | 2 | ☐ | | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by BLACK ROCK CITY LLC (Petersen, Rafe) (Entered: 12/13/2019) |
| 12/16/2019 | | ☐ | | Case Assigned to Judge Dabney L. Friedrich. (zrdj) (Entered: 12/16/2019) |
| 12/16/2019 | 3 | ☐ | | SUMMONS (4) Issued Electronically as to DAVID L. BERNHARDT, INTERIOR BOARD OF LAND APPEALS, UNITED STATES DEPARTMENT OF THE INTERIOR, WINNEMUCCA DISTRICT OFFICE FOR THE BUREAU OF |

| | | | | |
|---|---|---|---|---|
| | | ☐ | | LAND MANAGEMENT. (Attachments: # 1 Notice and Consent) (zrdj) (Entered: 12/16/2019) |
| 02/18/2020 | 4 | ☐ | | REQUEST FOR SUMMONS TO ISSUE *US Attorney General and US Attorney for DC* filed by BLACK ROCK CITY LLC. (Attachments: # 1 Summons)(Petersen, Rafe) (Entered: 02/18/2020) |
| 02/19/2020 | 5 | ☐ | | SUMMONS (2) Issued Electronically as to WILLIAM P. BARR, TIMOTHY J. SHEA. (eg) (Entered: 02/19/2020) |
| 02/28/2020 | 6 | ☐ | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name-Nicholas F. Targ, Filing fee $ 100, receipt number ADCDC-6873800. Fee Status: Fee Paid. by BLACK ROCK CITY LLC (Attachments: # 1 Declaration Targ Declaration, # 2 Text of Proposed Order Targ Proposed Order)(Petersen, Rafe) (Entered: 02/28/2020) |
| 02/28/2020 | 7 | ☐ | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name-Alexandra E. Dobles, Filing fee $ 100, receipt number ADCDC-6873915. Fee Status: Fee Paid. by BLACK ROCK CITY LLC (Attachments: # 1 Declaration Dobles Declaration, # 2 Text of Proposed Order Dobles Proposed Order)(Petersen, Rafe) (Entered: 02/28/2020) |
| 02/28/2020 | | ☐ | | MINUTE ORDER granting 6 7 Motions for Leave to Appear Pro Hac Vice for Attorneys Nicholas F. Targ and Alexandra E. Dobles. Counsel should register for e-filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions. Signed by Judge Dabney L. Friedrich on February 28, 2020. (lcdlf2) (Entered: 02/28/2020) |
| 03/12/2020 | | ☐ | | MINUTE ORDER. The plaintiff filed the Complaint in this action on December 13, 2019 against six defendants. As of the date of this order, the public docket reflects that the plaintiffs have yet to file proof of service of any defendant. The Court directs the plaintiffs' attention to Federal Rule of Civil Procedure 4(m), which provides in pertinent part that if a defendant is not served within 90 days after the complaint is filed, the court, on motion or on its own after notice to the plaintiff, must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m). Unless service is waived, proof of service must be made to the court. Fed. R. Civ. P. 4(l)(1). To avoid the finality of a mandatory dismissal of this action against the defendants, it is ORDERED that the plaintiffs must either cause process to be served upon the defendants and proof of service to be filed with the Court, or establish good cause for the failure to do so, on or before April 12, 2020. The failure to make such filings will result in dismissal of this case. Signed by Judge Dabney L. Friedrich on March 12, 2020. (lcdlf2) (Entered: 03/12/2020) |
| 03/12/2020 | | ☐ | | Set/Reset Deadlines: Time to effectuate service upon party due by 4/12/2020. (zjch) (Entered: 03/12/2020) |

| 03/12/2020 | 8 | ☐ | | ENTERED IN ERROR.....RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. All Defendants (Petersen, Rafe) Modified on 3/13/2020 (zeg). (Entered: 03/12/2020) |
|---|---|---|---|---|
| 03/12/2020 | | ☐ | | Set/Reset Deadlines: Time to effectuate service upon party due by 4/12/2020. (ztnr) (Entered: 03/13/2020) |
| 03/12/2020 | 9 | ☐ | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. DAVID L. BERNHARDT, UNITED STATES DEPARTMENT OF THE INTERIOR, WINNEMUCCA DISTRICT OFFICE FOR THE BUREAU OF LAND MANAGEMENTRETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 2/24/2020. ( Answer due for ALL FEDERAL DEFENDANTS by 4/24/2020.), RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 2/24/2020. (See docket entry 8 to view.) (ztnr) Modified to add answer due date on 3/13/2020 (zrdj). (Entered: 03/13/2020) |
| 03/12/2020 | 10 | ☐ | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. INTERIOR BOARD OF LAND APPEALS served on 2/21/2020 (See docket entry 8 to view.) (ztnr) (Entered: 03/13/2020) |
| 03/13/2020 | | ☐ | | NOTICE OF CORRECTED DOCKET ENTRY: re 8 Summons Returned Executed as to Federal Defendant was entered in error and counsel was instructed to refile said pleading using correct event/parties served. (eg) (Entered: 03/13/2020) |
| 03/13/2020 | | ☐ | | ENTERED IN ERROR.....Set/Reset Deadlines: Answer due by 4/21/2020 as to INTERIOR BOARD OF LAND APPEALS. (ztnr) Modified on 3/13/2020 (ztnr). (Entered: 03/13/2020) |
| 03/13/2020 | | ☐ | | Set/Reset Deadlines: Answer due by 4/24/2020 as to ALL FEDERAL DEFENDANTS. (ztnr) Modified on 3/13/2020 to correct defendant names. (ztnr) (Entered: 03/13/2020) |
| 04/15/2020 | 11 | ☐ | | NOTICE of Appearance by Michael Sean Sawyer on behalf of All Defendants (Sawyer, Michael) (Entered: 04/15/2020) |
| 04/15/2020 | 12 | ☐ | | Unopposed MOTION for Extension of Time to File Answer re 1 Complaint, by DAVID L. BERNHARDT, INTERIOR BOARD OF LAND APPEALS, UNITED STATES DEPARTMENT OF THE INTERIOR, WINNEMUCCA DISTRICT OFFICE FOR THE BUREAU OF LAND MANAGEMENT (Attachments: # 1 Text of Proposed Order)(Sawyer, Michael) (Entered: 04/15/2020) |
| 04/15/2020 | | ☐ | | MINUTE ORDER. Upon consideration of the defendants' 12 Unopposed Motion for Extension of Time, it is ORDERED that the motion is GRANTED. Accordingly, the defendants shall answer or otherwise respond to the plaintiff's complaint on or before May 25, 2020. So Ordered by Judge Dabney L. Friedrich on April 15, 2020. (lcdlf2) (Entered: 04/15/2020) |
| 05/07/2020 | 13 | ☐ | | NOTICE of Appearance by Paul A. Turcke on behalf of All Defendants (Turcke, Paul) (Entered: 05/07/2020) |

| 05/21/2020 | 14 | ☐ | | STIPULATION *Proposing Schedule on Motion to Dismiss* by DAVID L. BERNHARDT, INTERIOR BOARD OF LAND APPEALS, UNITED STATES DEPARTMENT OF THE INTERIOR, WINNEMUCCA DISTRICT OFFICE FOR THE BUREAU OF LAND MANAGEMENT. (Attachments: # 1 Text of Proposed Order)(Turcke, Paul) (Entered: 05/21/2020) |
|---|---|---|---|---|
| 05/21/2020 | 15 | ☐ | | Unopposed MOTION Seeking Relief from the Requirements of Local Civil Rule 7(n) by DAVID L. BERNHARDT, INTERIOR BOARD OF LAND APPEALS, UNITED STATES DEPARTMENT OF THE INTERIOR, WINNEMUCCA DISTRICT OFFICE FOR THE BUREAU OF LAND MANAGEMENT (Attachments: # 1 Text of Proposed Order) (Turcke, Paul) (Entered: 05/21/2020) |
| 05/22/2020 | 16 | ☐ | | MOTION to Dismiss by DAVID L. BERNHARDT, INTERIOR BOARD OF LAND APPEALS, UNITED STATES DEPARTMENT OF THE INTERIOR, WINNEMUCCA DISTRICT OFFICE FOR THE BUREAU OF LAND MANAGEMENT (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Turcke, Paul) (Entered: 05/22/2020) |
| 05/22/2020 | | ☐ | | MINUTE ORDER. Upon consideration of the defendants' 15 Unopposed Motion for Relief from the Requirements of Local Rule 7(n)(1), it is ORDERED that the motion is GRANTED. Accordingly, the deadline for the defendants to file a certified list of the contents of the administrative record is hereby tolled until thirty days after the defendants file an answer to the plaintiff's 1 Complaint, or as otherwise addressed in the Court's ruling on the defendants' 16 Motion to Dismiss. So Ordered by Judge Dabney L. Friedrich on May 22, 2020. (lcdlf2) (Entered: 05/22/2020) |
| 05/22/2020 | | ☐ | | MINUTE ORDER. Upon consideration of the parties' 14 Stipulation Proposing Schedule on Motion to Dismiss, it is hereby ORDERED that the plaintiff shall serve its memorandum of points and authorities in opposition to the defendants' motion within 45 days of the service of the motion, and the defendants shall serve their reply memorandum within 14 days after service of the memorandum in opposition. The Court will determine, upon receipt of the pleadings, whether to conduct an oral hearing on the motion. So Ordered by Judge Dabney L. Friedrich on May 22, 2020. (lcdlf2) (Entered: 05/22/2020) |
| 07/06/2020 | 17 | ☐ | | AMENDED COMPLAINT against DAVID L. BERNHARDT, UNITED STATES DEPARTMENT OF THE INTERIOR, WINNEMUCCA DISTRICT OFFICE FOR THE BUREAU OF LAND MANAGEMENT filed by BLACK ROCK CITY LLC, BURNING MAN PROJECT.(Petersen, Rafe) (Entered: 07/06/2020) |
| 07/06/2020 | 18 | ☐ | | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by BURNING MAN PROJECT (Petersen, Rafe) (Entered: 07/06/2020) |
| 07/07/2020 | | ☐ | | MINUTE ORDER. The plaintiffs have filed an 16 Amended Complaint that does not comply with the timing requirements set |

| | | | |
|---|---|---|---|
| | | | forth in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 15(a) (amendments occurring more than 21 days after service of a motion under Rule 12(b) require "the opposing party's written consent or the court's leave"). Accordingly, the plaintiff shall file a motion to amend its original complaint on or before July 21, 2020; and the defendants shall file any opposition on or before August 4, 2020. So Ordered by Judge Dabney L. Friedrich on July 7, 2020. (lcdlf2) (Entered: 07/07/2020) |
| 07/07/2020 | | ☐ | | Set/Reset Deadlines: Motions due by 7/21/2020. Responses due by 8/4/2020 (zjch) (Entered: 07/08/2020) |
| 07/21/2020 | 19 | ☐ | | MOTION to Amend/Correct *Complaint* by BLACK ROCK CITY LLC, BURNING MAN PROJECT (Attachments: # 1 Exhibit A: Amended Complaint, # 2 Text of Proposed Order)(Petersen, Rafe) (Entered: 07/21/2020) |
| 08/04/2020 | 20 | ☐ | | RESPONSE re 19 MOTION to Amend/Correct *Complaint* filed by DAVID L. BERNHARDT, INTERIOR BOARD OF LAND APPEALS, UNITED STATES DEPARTMENT OF THE INTERIOR, WINNEMUCCA DISTRICT OFFICE FOR THE BUREAU OF LAND MANAGEMENT. (Turcke, Paul) (Entered: 08/04/2020) |
| 08/07/2020 | | ☐ | | MINUTE ORDER. Upon consideration of the plaintiffs' 19 Motion to Amend their Complaint, and the defendants' 20 Response, it is ORDERED that the motion is GRANTED. The plaintiff's [19-1] Amended Complaint shall be accepted for filing. It is further ORDERED that the defendants' 16 Motion to Dismiss the original 1 Complaint is DENIED AS MOOT. So Ordered by Judge Dabney L. Friedrich on August 7, 2020. (lcdlf2) (Entered: 08/07/2020) |
| 08/07/2020 | 21 | ☐ | | AMENDED COMPLAINT against DAVID L. BERNHARDT, UNITED STATES DEPARTMENT OF THE INTERIOR, WINNEMUCCA DISTRICT OFFICE FOR THE BUREAU OF LAND MANAGEMENT filed by BLACK ROCK CITY LLC, BURNING MAN PROJECT.(eg) (Entered: 08/10/2020) |
| 10/06/2020 | 22 | ☐ | | ANSWER to 21 Amended Complaint by DAVID L. BERNHARDT, UNITED STATES DEPARTMENT OF THE INTERIOR, WINNEMUCCA DISTRICT OFFICE FOR THE BUREAU OF LAND MANAGEMENT.(Turcke, Paul) (Entered: 10/06/2020) |
| 10/07/2020 | | ☐ | | MINUTE ORDER. In accordance with the Court's order of May 22, 2020, the defendants shall file a certified list of the contents of the administrative record on or before November 5, 2020, and on that date, the parties shall file a joint status report proposing a schedule for further proceedings. So Ordered by Judge Dabney L. Friedrich on October 7, 2020. (lcdlf2) (Entered: 10/07/2020) |
| 10/07/2020 | | ☐ | | Set/Reset Deadlines: A certified list of the contents of the administrative record due by 11/5/2020. Status Report due by 11/5/2020 (zjch) (Entered: 10/08/2020) |
| 11/05/2020 | 23 | ☐ | | NOTICE *of Filing Certified List of Contents of the Administrative Record* by DAVID L. BERNHARDT, UNITED STATES |

| | | | |
|---|---|---|---|
| | | | DEPARTMENT OF THE INTERIOR, WINNEMUCCA DISTRICT OFFICE FOR THE BUREAU OF LAND MANAGEMENT (Attachments: # 1 Affidavit Certifying Declaration, # 2 Exhibit Certified List of Contents of the Administrative Record)(Turcke, Paul) (Entered: 11/05/2020) |
| 11/05/2020 | 24 | ☐ | | Joint STATUS REPORT *Proposing Schedule for Further Proceedings* by DAVID L. BERNHARDT, UNITED STATES DEPARTMENT OF THE INTERIOR, WINNEMUCCA DISTRICT OFFICE FOR THE BUREAU OF LAND MANAGEMENT. (Attachments: # 1 Text of Proposed Order) (Turcke, Paul) (Entered: 11/05/2020) |
| 11/06/2020 | | ☐ | | MINUTE ORDER. Upon consideration of the parties' 24 Joint Status Report, it is ORDERED that the following schedule shall govern further proceedings in this case: the plaintiffs shall identify any issues concerning the Administrative Record and confer with the defendants on or before January 8, 2021, and the parties will seek to resolve informally any issues and disputes. If informal resolution efforts are unsuccessful, the plaintiffs will file on or before January 22, 2021 any motion to complete or supplement the Administrative Record, or for the Court to consider extra-record evidence. Any such motion will have the effect of vacating the briefing schedule set forth below, and the parties shall propose a new briefing schedule within 14 days of the Court's resolution of the motion. It is FURTHERED ORDERED that the parties shall present cross-motions for summary judgment according to the following schedule: (1) the plaintiffs shall file their motion for summary judgment on or before February 19, 2021; (2) defendants shall file their combined response and cross-motion on or before April 9, 2021; (3) the plaintiffs shall file their combined responses and reply on or before May 7, 2021; and (4) the defendants shall file their reply on or before May 28, 2021. So Ordered by Judge Dabney L. Friedrich on November 6, 2020. (lcdlf2) (Entered: 11/06/2020) |
| 11/06/2020 | | ☐ | | Set/Reset Deadlines: Cross Motions due by 4/9/2021. Response to Cross Motions due by 5/7/2021. Reply to Cross Motions due by 5/28/2021. the plaintiffs shall identify any issues concerning the Administrative Record and confer with the defendants by 1/8/2021. Motions due by 1/22/2021. Summary Judgment motions due by 2/19/2021. Response to Motion for Summary Judgment due by 4/9/2021. Reply to Motion for Summary Judgment due by 5/7/2021. (zjch) (Entered: 11/06/2020) |
| 01/22/2021 | 25 | ☐ | | Unopposed MOTION for Order *to Amend Scheduling Order* by BLACK ROCK CITY LLC, BURNING MAN PROJECT. (Attachments: # 1 Text of Proposed Order)(Petersen, Rafe) (Entered: 01/22/2021) |
| 01/25/2021 | | ☐ | | MINUTE ORDER. Upon consideration of the plaintiffs' 25 Unopposed Motion to Amend the Scheduling Order, it is ORDERED that the motion is GRANTED. The plaintiffs shall file, on or before February 5, 2021, any motion to complete or supplement the Administrative Record, or for the Court to consider |

| | | | |
|---|---|---|---|
| | | ☐ | | extra-record evidence. So Ordered by Judge Dabney L. Friedrich on January 25, 2021. (lcdlf2) (Entered: 01/25/2021) |
| 01/25/2021 | | ☐ | | Set/Reset Deadlines: Motions due by 2/5/2021. (zjch) (Entered: 01/25/2021) |
| 02/16/2021 | 26 | ☐ | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name-David S. Levin, Filing fee $ 100, receipt number ADCDC-8203278. Fee Status: Fee Paid. by BLACK ROCK CITY LLC, BURNING MAN PROJECT. (Attachments: # 1 Declaration, # 2 Proposed Order)(Petersen, Rafe) (Entered: 02/16/2021) |
| 02/16/2021 | | ☐ | | MINUTE ORDER granting the plaintiffs' 26 Motion for Admission Pro Hac Vice of Attorney David S. Levin. **Counsel should register for e-filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions.** So Ordered by Judge Dabney L. Friedrich on February 16, 2021. (lcdlf2) (Entered: 02/16/2021) |
| 02/17/2021 | 27 | ☐ | | NOTICE *of Filing Revised Certified List of the Contents of the Administrative Record* by DAVID L. BERNHARDT, UNITED STATES DEPARTMENT OF THE INTERIOR, WINNEMUCCA DISTRICT OFFICE FOR THE BUREAU OF LAND MANAGEMENT (Attachments: # 1 Declaration Certifying Declaration, # 2 Exhibit Revised Certified List of Contents of the Administrative Record)(Turcke, Paul) (Entered: 02/17/2021) |
| 02/19/2021 | 28 | ☐ | | MOTION for Summary Judgment by BLACK ROCK CITY LLC, BURNING MAN PROJECT. (Attachments: # 1 Text of Proposed Order)(Petersen, Rafe) (Entered: 02/19/2021) |
| 04/09/2021 | 29 | ☐ | | Memorandum in opposition to re 28 MOTION for Summary Judgment filed by DAVID L. BERNHARDT, UNITED STATES DEPARTMENT OF THE INTERIOR, WINNEMUCCA DISTRICT OFFICE FOR THE BUREAU OF LAND MANAGEMENT. (Turcke, Paul) (Entered: 04/09/2021) |
| 04/09/2021 | 30 | ☐ | | Cross MOTION for Summary Judgment by DAVID L. BERNHARDT, UNITED STATES DEPARTMENT OF THE INTERIOR, WINNEMUCCA DISTRICT OFFICE FOR THE BUREAU OF LAND MANAGEMENT. (Attachments: # 1 Text of Proposed Order)(Turcke, Paul) (Entered: 04/09/2021) |
| 04/30/2021 | 31 | ☐ | | Unopposed MOTION for Extension of Time to *Amend the Briefing Schedule* by BLACK ROCK CITY LLC, BURNING MAN PROJECT. (Attachments: # 1 Text of Proposed Order)(Petersen, Rafe) (Entered: 04/30/2021) |
| 05/03/2021 | | ☐ | | MINUTE ORDER granting the plaintiffs' 31 Unopposed Motion to Amend the Briefing Schedule. It is ORDERED that the plaintiffs shall file their combined opposition and reply on or before May 28, 2021. It is FURTHER ORDERED that the defendants shall file their reply on or before June 28, 2021. So Ordered by Judge Dabney L. Friedrich on May 3, 2021. (lcdlf2) (Entered: 05/03/2021) |
| 05/03/2021 | | ☐ | | Set/Reset Deadlines: Response to Cross Motions due by 5/28/2021. Reply to Cross Motions due by 6/28/2021. Reply to |

| | | | | |
|---|---|---|---|---|
| | | | | Motion for Summary Judgment due by 5/28/2021. (zjch) (Entered: 05/04/2021) |
| 05/28/2021 | 32 | ☐ | | REPLY to opposition to motion re 28 MOTION for Summary Judgment filed by BLACK ROCK CITY LLC, BURNING MAN PROJECT. (Petersen, Rafe) (Entered: 05/28/2021) |
| 05/28/2021 | 33 | ☐ | | Memorandum in opposition to re 30 Cross MOTION for Summary Judgment filed by BLACK ROCK CITY LLC, BURNING MAN PROJECT. (Petersen, Rafe) (Entered: 05/28/2021) |
| 06/28/2021 | 34 | ☐ | | REPLY to opposition to motion re 30 Cross MOTION for Summary Judgment filed by DAVID L. BERNHARDT, UNITED STATES DEPARTMENT OF THE INTERIOR, WINNEMUCCA DISTRICT OFFICE FOR THE BUREAU OF LAND MANAGEMENT. (Turcke, Paul) (Entered: 06/28/2021) |
| 07/12/2021 | 35 | ☐ | | JOINT APPENDIX by BLACK ROCK CITY LLC, BURNING MAN PROJECT. (Attachments: # 1 Appendix, # 2 Appendix, # 3 Appendix, # 4 Appendix, # 5 Appendix, # 6 Appendix, # 7 Appendix, # 8 Appendix, # 9 Appendix, # 10 Appendix, # 11 Appendix, # 12 Appendix, # 13 Appendix, # 14 Appendix, # 15 Appendix, # 16 Appendix)(Petersen, Rafe) (Entered: 07/12/2021) |
| 03/21/2022 | 36 | ☑ | 3 | ORDER granting in part and denying in part the plaintiffs' 28 Motion for Summary Judgment and denying the defendants' 30 Cross-Motion for Summary Judgment. See text for details. The Clerk of Court is directed to close this case. Signed by Judge Dabney L. Friedrich on March 21, 2022. (lcdlf1) (Entered: 03/21/2022) |
| 03/21/2022 | 37 | ☑ | 2 | MEMORANDUM AND OPINION regarding the plaintiffs' 28 Motion for Summary Judgment and the defendants' 30 Cross-Motion for Summary Judgment. See text for details. Signed by Judge Dabney L. Friedrich on March 21, 2022. (lcdlf1) (Entered: 03/21/2022) |
| 05/19/2022 | 38 | ☐ | | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 37 Memorandum & Opinion, 36 Order on Motion for Summary Judgment,,, by WINNEMUCCA DISTRICT OFFICE FOR THE BUREAU OF LAND MANAGEMENT, UNITED STATES DEPARTMENT OF THE INTERIOR, DAVID L. BERNHARDT. Fee Status: No Fee Paid. Parties have been notified. (Turcke, Paul) (Entered: 05/19/2022) |
| 05/19/2022 | 39 | ☑ | 1 | NOTICE OF APPEAL TO DC CIRCUIT COURT by BLACK ROCK CITY LLC, BURNING MAN PROJECT. Filing fee $ 505, receipt number ADCDC-9251070. Fee Status: Fee Paid. Parties have been notified. (Petersen, Rafe) (Entered: 05/19/2022) |

Footer format: `<pagenum>`
(Numbers, letters, spaces, and `<pagenum>` only)

○ Include full docket sheet
○ Include abridged docket sheet
○ Include documents only

View Selected

or

Download Selected

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ ) | |
| BLACK ROCK CITY LLC, *et al.* ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | Civ. Action No. 1:19-cv-03729-DLF |
| ) | |
| DEBRA HAALAND, ) | |
| SECRETARY OF THE INTERIOR *et al.* ) | |
| ) | |
|     Defendants. ) | |
| ) | |
| _____ ) | |

**NOTICE OF APPEAL**

Notice is hereby given that Plaintiffs Black Rock City LLC and Burning Man Project hereby appeal to the United States Court of Appeals for the District of Columbia from the Order of the District Court dated March 21, 2022 (ECF No. 36) in the above-referenced case, which granted in part and denied in part Plaintiffs' motion for summary judgment and denied Defendants' cross-motion for summary judgment, and from the associated Memorandum Opinion dated March 21, 2022 (ECF No.37).

    Respectfully submitted this 19th day of May, 2022.

    HOLLAND & KNIGHT LLP

    By: /s/ Rafe Petersen

    Rafe Petersen (Bar ID Number: 465542)
    Alexandra E. Ward
    800 17th Street NW, #1100
    Washington, D.C. 20006
    (202) 419-2481

    *Attorneys for Plaintiffs Black Rock City LLC and
    Burning Man Project*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

BLACK ROCK CITY LLC *et al.*,

        *Plaintiffs*,

    v.

DEBRA HAALAND,
Secretary, U.S. Department of the Interior,
*et al.*,[1]

        *Defendants.*

No. 19-cv-3729 (DLF)

## <u>MEMORANDUM OPINION</u>

Plaintiffs Burning Man Project and Black Rock City LLC organize an annual festival on federal lands.  In this action, they argue that the Bureau of Land Management charged them an unreasonable amount for the permits necessary to use those lands.  Before the Court are the plaintiffs' Motion for Summary Judgment, Dkt. 28, and the Bureau's Cross-Motion for Summary Judgment, Dkt. 30.  For the reasons that follow, this Court will grant the plaintiffs' motion in part but exercise its discretion to remand the Bureau's decisions without vacating them.

## I.     BACKGROUND

### A.     Statutory and Regulatory Background

The Federal Land Policy and Management Act (FLPMA), 43 U.S.C. § 1701 *et seq.*, "establishes comprehensive rules for the management and preservation of federal lands."  *Nat'l Wildlife Fed'n v. Burford*, 835 F.2d 305, 307 (D.C. Cir. 1987).  These rules allow the Bureau, a subagency of the Department of the Interior, to issue permits for the use of those lands.  *See* 43

---

[1] When this complaint was filed, David Bernhardt was the Secretary of the Interior.  When Debra Haaland became Secretary, she was substituted pursuant to Fed. R. Civ. P. 25(d).

U.S.C. §§ 1731, 1732(b).  They also allow the Bureau to collect "reasonable filing and service fees and reasonable charges" in connection with those permits.  *Id.* § 1734(a).  In determining whether a given charge is "reasonable," the Act instructs that the Bureau

> may take into consideration actual costs (exclusive of management overhead), the monetary value of the rights or privileges sought by the applicant, the efficiency to the government processing involved, that portion of the cost incurred for the benefit of the general public interest rather than for the exclusive benefit of the applicant, the public service provided, and other factors relevant to determining the reasonableness of the costs.

*Id.* § 1734(b).

The Federal Lands Recreation Enhancement Act, 16 U.S.C. § 6801 *et seq.*, supplements the Bureau's authority to "establish, modify, charge, and collect recreation fees at Federal recreational lands," *id.* § 6802(a).  As relevant here, the Act allows the Bureau to issue "special recreation permit[s] . . . for specialized recreation uses of Federal recreational lands and waters," including "group activities" and "recreation events."  *Id.* § 6802(h).  It also allows the Bureau to charge "special recreation permit fee[s] in connection with the issuance of th[ose] permit[s]."  *Id.*

Pursuant to the above statutes, *see* 43 C.F.R. § 2931.3, the Bureau has promulgated regulations that govern both the issuance of special recreation permits and the determination of corresponding fees, *see id.* § 2932.5 *et seq.*  Under those regulations, the Bureau must publish its baseline fees in the Federal Register.  *See id.* § 2932.31(a)–(c).  In addition, when the Bureau issues a permit for commercial use, and when processing the permit requires over fifty hours of staff time, the Bureau may charge an additional fee for the "costs of issuing the permit, including necessary environmental documentation, on-site monitoring, and permit enforcement."  43 C.F.R. § 2932.31(e).  As relevant here, the Bureau may require applicants to pay an estimate of their fee before using federal lands.  *See id.* §§ 2932.31(f), 2932.33(a).  From there, if an

applicant's "actual fees due are less than the estimated fees [they] paid in advance," the Bureau will issue either a refund or a credit against future permits. *Id.* § 2932.33(a).

The Bureau's regulations allow any party that is aggrieved by the above decisions to file an administrative appeal. *See id.* § 2931.8(a). The regulations further provide that the Bureau's decisions "will go into effect immediately and will remain in effect . . . unless a stay is granted" by an administrative appeals board. *Id.* § 2931.8(b); *see also id.* § 4.21(b) (describing the procedures for an administrative stay).

### B.    Factual Background

In this case, the Burning Man Project and Black Rock City LLC challenge the special recreation permit fees that the Bureau collected from them between 2015 and 2019. The Burning Man Project is a California nonprofit that "assumed responsibility for producing the Burning Man Event in 2019." Am. Compl. ¶ 13, Dkt. 21 (undisputed). Black Rock City is a wholly owned subsidiary of its co-plaintiff and produced the festival before that date. *See id.* ¶ 12 (undisputed). For convenience, the remainder of this opinion will refer to the plaintiffs collectively as the Burning Man Project (BMP).

The Burning Man event is a massive endeavor. Every year, it draws roughly 70,000 people to federal lands in Nevada's Black Rock Dessert for a "combination art festival, social event, and experiment in community living." A.R. 4847. BMP uses those lands pursuant to special recreation permits, which it obtains from the Bureau. *See* A.R. 3672. As part of the permitting process, the Bureau works with BMP to plan and administer its events. *See, e.g.*, A.R. 3672–84 (discussing the parties' collaboration with respect to the 2019 event). Among other things, the Bureau provides law enforcement for those events, oversees their environmental

compliance, and administers several support contracts.  *See id.*  In 2019, the Bureau's actual and indirect costs from the event were approximately $2,700,000.  *See* A.R. 3643.

For each year that BMP holds its festival, the Bureau charges it a special recreation permit fee.  The Bureau determines this fee in two stages.  First, it produces a written decision, called an Estimate Decision, that details the amount BMP must pay before receiving its permit. *See* 43 C.F.R. § 2932.31(f); *see, e.g.*, A.R. 1454–55 (introducing the cost recovery estimate for the 2017 Burning Man event).  Second, it issues another written decision, called a Closeout Decision, that addresses whether BMP's "actual feeds paid" exceed the "estimated fees" it paid in advance.  43 C.F.R. § 2932.33(a); *see, e.g.*, A.R. 1243–45 (summarizing the closeout decision for the 2017 event).  In the event of an overpayment, the Closeout Decision will issue BMP a refund.  *See, e.g.*, A.R. 1243.  The Bureau takes the position that both Estimate Decisions and Closeout Decisions are subject to administrative appeal under its regulations.  *See* Gov't's Mot. for Summ. J. at 10, Dkt. 30 (citing 43 C.F.R. § 2931.8).

### C.    Procedural History

In this action, BMP challenges the Closeout Decisions for the Burning Man events held between 2015 and 2019.  *See* Am. Compl. ¶¶ 85, 87.  For each of those events, the Bureau produced both an Estimate Decision and a Closeout Decision, in accordance with the process described above.  *See* Gov't's Mot. for Summ. J. at 11–16 (identifying the appropriate portions of the administrative record).  It is undisputed that BMP did not administratively appeal any of the Estimate Decisions.  *See id.* at 11–16; Pls.' Reply at 9, Dkt. 32.  BMP did, however, appeal each of the relevant Closeout Decisions.  *See* A.R. 4745–49 (the 2015 decision), 9980 (the 2016 decision), 10,730 (the 2017 decision), 11,202 (the 2018 decision), 11,702 (the 2019 decision).

On December 13, 2019, BMP filed its initial complaint in this action, which alleged that

the Bureau had not resolved any of its administrative appeals. *See* Compl. ¶ 67, Dkt. 1.  The

principal theory of the complaint was that the Bureau's delay in resolving those appeals

constituted an improper constructive denial. *See id.* ¶¶ 75–90.  The Bureau moved to dismiss

that complaint on May 22, 2020, based in part on the representation that BMP "need not wait for

[the agency's appellate board] to act before seeking judicial review of [its] decisions" in federal

court.  Gov't Mot. to Dismiss at 16, Dkt. 16.  BMP responded by moving to amend its

complaint on July 21, 2020, with the goal of substituting its constructive denial claim for an

affirmative challenge to the Closeout Decisions. *See* Pls.' Mot. for Leave to Amend, Dkt. 19.

This Court granted leave to amend on August 7, 2020. *See* Minute Order of Aug. 7, 2020.

      BMP's amended complaint argues that its Closeout Decisions violated the Administrative

Procedure Act (APA) because they were arbitrary, capricious, and in excess of the Bureau's

statutory authority. *See* Am. Compl. ¶¶ 80–89.  First, BMP argues that the Bureau charged it an

unreasonable amount for law enforcement at the Burning Man event. *See* Pls.' Mot. for Summ.

J. at 16–35.  Second, it argues that the Bureau charged it unreasonable amounts for other agency

expenditures, including IT services, a Bureau medical unit, and the monitoring of certain event

vendors. *See id.* at 36–45.  Third, it argues that the Bureau failed to support its designation of the

Burning Man event as "emergency" or "mission critical work," which allowed Bureau personnel

at the event to receive higher pay. *See id.* at 36–38.  Finally, it argues that the Bureau provided

insufficient information to assess whether other charged amounts were reasonable.  On that last

point, BMP argues that it is entitled to highly granular information, including "time sheets with

details about the specific dates, daily hours, rates of pay, and assigned tasks for each [Bureau]

employee [at the event,]" *id.* at 16; the details of those employees' "[t]ravel [i]ncidentals," *id.* at

17; and the "methodology" that determined the costs charged for the Bureau's vehicles, *id.* at 18.

BMP moved for summary judgment on February 19, 2021.  Dkt. 28.  The Bureau then cross-moved for summary judgment on April 9, 2021.  Dkt. 30.  In its cross-motion, the Bureau both defends the reasonableness of its Closeout Decisions and argues that BMP has challenged the wrong agency actions.  *See* Gov't Mot. for Summ. J. at 19–45.  On the second point, the Bureau argues that BMP erred in challenging its Closeout Decisions, which it describes as mere "accounting exercise[s]."  *Id.* at 23.  Instead, the Bureau writes, BMP should have challenged its Estimate Decisions, which it characterizes as reflecting "itemized calculation[s] of permit-related costs."  *Id.* at 22.  Both parties' motions are now ripe for review.

## II.   LEGAL STANDARD

A court grants summary judgment if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).  A "material" fact is one with potential to change the substantive outcome of the litigation.  *See Liberty Lobby*, 477 U.S. at 248; *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006).  A dispute is "genuine" if a reasonable jury could determine that the evidence warrants a verdict for the nonmoving party.  *See Liberty Lobby*, 477 U.S. at 248; *Holcomb*, 433 F.3d at 895.

In an APA case, summary judgment "serves as the mechanism for deciding, as a matter of law, whether the agency action is supported by the administrative record and otherwise consistent with the APA standard of review."  *Sierra Club v. Mainella*, 459 F. Supp. 2d 76, 90 (D.D.C. 2006).  The Court will "hold unlawful and set aside" agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A), "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," *id.* § 706(2)(C), or "unsupported by substantial evidence," *id.* § 706(2)(E).

In an arbitrary and capricious challenge, the core question is whether the agency's decision was "the product of reasoned decisionmaking." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 52 (1983). This Court's review is "fundamentally deferential—especially with respect to matters relating to an agency's areas of technical expertise." *Fox v. Clinton*, 684 F.3d 67, 75 (D.C. Cir. 2012) (quotation marks and alteration omitted). The court "is not to substitute its judgment for that of the agency." *State Farm*, 463 U.S. at 43. "Nevertheless, the agency must examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made." *Id.* (internal quotation marks omitted). When reviewing that explanation, the court "must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Id.* (internal quotation marks omitted). For example, an agency action is arbitrary and capricious if the agency "entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before [it], or [the explanation] is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Id.* The party challenging an agency's action as arbitrary and capricious bears the burden of proof. *Pierce v. SEC*, 786 F.3d 1027, 1035 (D.C. Cir. 2015) (citation omitted).

## III.   ANALYSIS

On the merits, BMP has a cause of action under the APA because it has challenged the appropriate agency actions—the Bureau's Closeout Decisions. Because the standard of review for these decisions is deferential, several of BMP's arguments are foreclosed as a matter of law. Nonetheless, the Closeout Decisions fail even deferential review, as the administrative record lacks substantial evidence that the costs they charged to BMP were reasonable. For the reasons

discussed below, the Court will exercise its discretion to remand those decisions without vacating them.

## A.  BMP Has Challenged the Appropriate Final Agency Actions

Absent exceptions not relevant here, *see* 5 U.S.C. § 701(a), the APA authorizes judicial review of each "final agency action for which there is no other adequate remedy in a court," *id.* § 704.  An agency action is "final" if it "mark[s] the consummation of the agency's decisionmaking process," and if it is "one by which rights or obligations have been determined, or from which legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997) (internal quotation marks omitted).  In its amended complaint, BMP challenges the Closeout Decisions for the Burning Man event between 2015 and 2019. *See* Am. Compl. ¶¶ 85, 87.[2]  For the following reasons, those decisions are "final agency action[s]."  5 U.S.C. § 704.  And contrary to the Bureau's position, *see* Gov't's Mot. for Summ. J. at 19–24, BMP's challenge to those decisions encompasses a challenge to its special recreation permit fees.

As a threshold matter, closeout decisions are final agency actions.  Each closeout decision determines the "actual fees due" under a special recreation permit, as distinct from the "estimated fees [the permittee] paid in advance."  43 C.F.R. § 2932.33(a).  In that respect, closeout decisions mark the consummation of the Bureau's decisionmaking process on special recreation permit fees. *See Bennett*, 520 U.S. at 177–78.  Closeout decisions also determine permittees' "rights or obligations" against the Bureau. *Id.* (internal quotation marks omitted).

---

[2] The amended complaint challenges the Bureau's "Cost Recovery Charges" for those years, Am. Compl. ¶ 85, and other language in the complaint makes clear that "Cost Recovery Charges" are synonymous with Closeout Decisions.  For example, the complaint alleges that BMP administratively appealed "Cost Recovery Charges" for the above years, *see* Am. Compl. ¶¶ 63 n.6, 67 n.7, 68 n.8, 72 n.9, 73 n.10, and the administrative record shows that BMP administratively appealed those years' Closeout Decisions, *see* A.R. 4745–49, 9980, 10,730, 11,202, 11,702.

To give one example, whenever a permittee's "actual fees due are less than the estimated fees [it] paid in advance," the Bureau must use a Closeout Decision to issue either a refund or a credit against future permits.  43 C.F.R. § 2932.33(a).  Closeout Decisions thus satisfy both requirements for finality.  *See Bennett*, 520 U.S. at 177–78.

For that reason, BMP has identified the appropriate agency action to challenge its special recreation permit fees.  The APA provides that the judicial review of "final agency action" includes the review of all "preliminary, procedural, or intermediate" actions that are "not directly reviewable" and culminate in the final action.  5 U.S.C. § 704.  The D.C. Circuit has accordingly instructed that, where agency decisionmaking occurs "in stages," the "review of  initial steps should generally be deferred until the [decisionmaking] process is complete."  *Am. Portland Cement All. v. EPA*, 101 F.3d 772, 776 (D.C. Cir. 1996).  Here, the Bureau argues that it designates permit fees as reasonable in its Estimate Decisions, as opposed to its Closeout Decisions.  *See* Gov't's Reply at 13, Dkt. 34.  But regardless of how the Bureau structures its decisionmaking, BMP could not have challenged the estimate decisions directly.  Such decisions are not final actions because an "estimate[]" that may later be adjusted to "actual fees" does not mark the consummation of the Bureau's decisionmaking process, 43 C.F.R. § 2932.33(a).  And because estimate decisions are nonfinal, the APA classifies them as "preliminary, procedural, or intermediate" actions that are "not directly reviewable," 5 U.S.C. § 704.  It follows that a permittee can challenge them only through the judicial review of later Closeout Decisions.  *See Am. Portland Cement*, 101 F.3d at 776.  BMP has done just that here.

The Bureau's remaining arguments do not persuade.  First, the Bureau ask this Court to interpret BMP's complaint as a "broad programmatic attack" on the permitting process, which the APA would not ordinarily allow, *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004).

*See* Gov't's Mot. for Summ. J. at 21–23. But as described above, BMP's decision specifically challenges certain Closeout Decisions and even alleges that they are "final agency actions." Am. Compl. ¶ 85. And the Bureau never explains how a challenge to the dollar value of a permitting fee could plausibly qualify as "programmatic," *Norton*, 542 U.S. at 64. Second, the Bureau cites an agency adjudication to argue that estimate decisions are subject to direct administrative appeal. *See* Gov't's Reply at 6 (quoting *Burning Man Project*, 197 IBLA 66, 2021 WL 1713214 (Apr. 23, 2021)). But agency adjudications are not binding on this Court. And in any event, the fact that an agency allows the administrative appeal of a given action has no bearing on whether that action is "final" for the purposes of the APA. *Cf. Murphy Expl. & Prod. Co. v. U.S. Dep't of the Interior*, 252 F.3d 473, 479 (D.C. Cir. 2001) (noting that regulations governing administrative appeals having no bearing on courts' subject-matter jurisdiction). Accordingly, for the reasons stated, BMP has challenged the appropriate agency actions for the review of its special recreation permit fees.

**B.    Several of BMP's Arguments Fail as a Matter of Law**

Under the APA, the Court must review the Bureau's Closeout Decisions to determine whether they were "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). This standard is "highly deferential." *Kisser v. Cisneros*, 14 F.3d 615, 618 (D.C. Cir. 1994) (citing *Am. Horse Prot. Ass'n, Inc. v. Yeutter*, 917 F.2d 594, 596 (D.C. Cir. 1990)). Applying this standard, the Court will "presume the validity" of the Closeout Decisions and set them aside only if they are "not supported by substantial evidence" or if the Bureau "has made a clear error in judgment." *Id.* at 618–19 (quoting *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 415–416 (1971)). An agency decision may be "supported by substantial evidence even though a plausible alternative interpretation of the evidence would

support a contrary view." *Morall v. DEA*, 412 F.3d 165, 176 (D.C. Cir. 2005) (quoting *Robinson v. Nat'l Transp. Safety Bd.*, 28 F.3d 210, 215 (D.C. Cir. 1994)).  The question, at bottom, is "whether the agency action was reasonable and reasonably explained." *Jackson v. Mabus*, 808 F.3d 933, 936 (D.C. Cir. 2015).[3]

The Court will apply that deferential standard of review to the relevant substantive rule in the FLPMA, which grants the Bureau considerable discretion in identifying what permit fees are "reasonable," 43 U.S.C. § 1734(a).  The Act allows the Bureau to charge permittees "reasonable costs" associated with processing their applications.  *Id.* § 1734(b).  It further provides that the Secretary "may" consider the wide range of factors in assessing reasonableness, including "actual costs (exclusive of management overhead), the monetary value of the rights or privileges sought by the applicant, the efficiency to the government processing involved, that portion of the cost incurred for the benefit of the general public interest rather than for the exclusive benefit of the applicant, the public service provided, and other factors relevant" under the circumstances. *Id.*  Supplementary regulations further limit cost recovery charges to the Bureau's "costs of issuing the permit, including necessary environmental documentation, on-site monitoring, and permit enforcement."  43 C.F.R. § 2932.31(e)(3).  But no regulation limits the agency's discretion in determining, as relevant here, which permit enforcement costs are reasonable. Accordingly, this Court will uphold the Bureau's special recreation permit fees if the record contains substantial evidence that they were "reasonable," as the FLPMA uses the term.

---

[3] There is "no material difference between the APA's 'arbitrary and capricious' standard and its 'substantial evidence' standard as applied to court review of agency factfinding." *Crooks v. Mabus*, 845 F.3d 412, 423 (D.C. Cir. 2016).  To distinguish the APA's standard of review from the FLPMA's requirement of reasonableness, the Court will identify that standard of review with the phrase "substantial evidence."

This legal standard forecloses several of BMP's arguments as a matter of law. First, the Bureau is not required to show that it administered BMP's permits in accordance with any external benchmark. BMP repeatedly compares the Bureau's requested level of cost recovery to what it implies are industry best practices. *See, e.g.*, Pls.' Mot. for Summ. J at 32 (referencing "nationally recognized best-practice standard for law enforcement agency staffing"); Pls.' Reply at 37 (arguing that the Bureau "failed to create any efficiency to the government processing involved for IT-related costs" (internal quotation mark omitted)). BMP also emphasizes that former government officials have criticized the Bureau's operations. *See* Pls.' Reply at 29 (describing the testimony of the Bureau's former Director, Robert Abbey). But under the APA, this Court may set aside an agency's decision only if it reflects a "clear error in judgment" or is "not supported by substantial evidence." *Kisser*, 14 F.3d at 619. There is no requirement that the decision be "the best one possible or even . . . better than the alternatives." *FERC v. Elec. Power Supply Ass'n*, 577 U.S. 260, 292 (2016). Accordingly, where BMP argues that the Closeout Decisions are merely unideal, as opposed to unreasonable, *see Jackson*, 808 F.3d at 936, its arguments fail to show that those decisions were arbitrary or capricious.

Second, the Bureau is not required to disentangle its expenses toward the "general public interest" from those it incurred for BMP's "exclusive benefit." *See* Pls.' Mot. for Summ. J. at 12 (quoting 43 U.S.C. § 1734(b)). The FMPLA says only that the Bureau "may" draw that distinction. 43U.S.C. § 1734(b). The word "may" often "implies discretion," in contrast to the mandatory "shall." *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 171 (2016). And here, the full text of § 1734(b) confirms that this use of word holds its ordinary meaning. For instance, a separate sentence in § 1734(b) provides that the Bureau "shall" deposit its permit fees in a particular account, *see* 43 U.S.C. § 1734(b), which suggests that the section deliberately

distinguishes mandatory from discretionary language, *see Russello v. United States*, 464 U.S. 16, 22–23 (1983).  Further, the fact that the Bureau "may" consider "other factors relevant to determining the reasonableness of the costs" suggests that the provision expands the Bureau's discretion to determine reasonableness, as opposed to constricting it.  43 U.S.C. § 1734(b).  The plain text of § 1734(b) thus forecloses BMP's proposed "exclusive benefits" test.[4]

Third, the FLPMA does not unlock judicial review of the Bureau's law enforcement operations.  BMP argues, for example, that the Bureau assigned an unreasonable number of law enforcement officers to the Burning Man events, *see* Pls.' Mot. for Summ. J. at 21–25; and invested unnecessary resources into drug enforcement and public outreach, *id.* at 25–29.  To support those arguments, it seeks to show that the Bureau "could have assigned substantially fewer law enforcement officers with no compromise to public safety" and that the Bureau "has never shown" that certain law enforcement activities "led to any improvement in public safety." *Id.* at 30, 35.  But federal courts do not ordinarily review these kinds of questions, which traditionally fall within the discretion of the Executive Branch.  This Court has no expertise in the maintenance of public safety.  And nothing in either the FMPLA or the Bureau's regulations clearly requires courts to review the agency's policy judgments in this area.  Accordingly, absent extraordinary circumstances, the Court will defer to the Bureau on the issue of what law enforcement activity is appropriate to ensure public safety.

---

[4] Even if the FLPMA required distinguishing between exclusive and general benefits, there is good reason to think that the costs challenged in BMP's briefing fall into the former category. The Bureau does not appear to seek recovery for expenses that benefit Nevada residents who are unaffiliated with the Burning Man event.  Rather, the challenged costs appear to affect BMP itself, the event's attendees, or the Bureau officials who are assigned to the event.  *See, e.g.*, Pls.' Mot. for Summ. J. at 26–29 (arguing that the use of law enforcement on "[t]raffic stops for drug enforcement" served the "general public interest" with no "exclusive benefit" to BMP ).

Finally, this Court will not review the reasonableness of *de minimis* costs.  *See, e.g.*, Pls.'

Mot. for Summ. J. at 17 (objecting that the Bureau has not identified what items its individual

employees expensed as "Travel Incidentals"); *id.* at 19 (objecting that the Bureau "did not

explain why its civilian employees needed new uniforms," an expense that totaled $940).  The

FLPMA describes "reasonable costs" at a high level of generality.  *See* 43 U.S.C. § 1734(b)

(providing that those costs "include . . . the costs of special studies; environmental impact

statements; monitoring construction, operation, maintenance, and termination of any authorized

facility; or other special activities").  No language in the statute or its implementing regulations

contemplates the judicial review of individual receipts for small-dollar purchases.  Nor has BMP

identified another context in which federal courts have undertaken the audit-like analysis it

proposes.  The Court thus declines to do so here.  *See SecurityPoint Holdings, Inc. v. TSA*, 769

F.3d 1184, 1189 (D.C. Cir. 2014) (applying the maxim "*de minimis non curat lex*"); *see De

Minimis Non Curat Lex*, Black's Law Dictionary (11th ed. 2019) ("The law does not concern

itself with trifles.").

Nonetheless, although judicial review of the Closeout Decisions is not as demanding as

BMP asserts, "it is not a rubber stamp," *Nat'l Ass'n for Home Care v. Shalala*, 135 F. Supp. 2d

161, 168 (D.D.C. 2001).  As the Tenth Circuit explained in a similar context, the Bureau may not

recover the actual costs of its permit enforcement "as a matter of course."  *Nevada Power Co. v.

Watt*, 711 F.2d 913, 925 (10th Cir. 1983).  Instead, to give some effect to the word "reasonable"

in the FLPMA's allowance for "reasonable costs," 43 U.S.C. § 1734(b), the agency must

generally identify what functions it performed in support of the permitted activity, what concrete

resources it devoted to those functions, and why its expenditures on those resources were

reasonable under the circumstances.  In addition, the Bureau should provide some explanation

for year-to-year changes in the costs it seeks to recover, *cf. FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009) (requiring an agency that changes an existing policy to "display awareness" of that change and "show that there are good reasons for the new policy"), and explain any special designations applied to the Burning Man event, *see, e.g.*, A.R. 1457 (designing the 2017 event as "mission-critical work"); *see also* 5 C.F.R. § 550.106(b)(1) (authorizing "premium pay" for officials performing mission-critical work). The Bureau can meet some of these requirements through reliance on complementary federal regulations. *See, e.g.*, Gov't Mot. for Summ. J. at 17 n.13 (explaining that Bureau employees must follow the Federal Travel Regulation System, *see* 41 C.F.R. Subtitle F). But the agency must have relied on those materials at the time of the decisions, and it must now make the entirety of the above showing on the record for the corresponding closeout decision. "The courts may not accept [agency] counsel's post hoc rationalizations for agency action." *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168 (1962) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)).

### C.     The Record Lacks Substantial Evidence on the Remaining Factual Issues

The Bureau has failed to provide substantial evidence that the Closeout Decisions meet the standard described above. This is because, although those decisions describe the Bureau's expenditures on the Burning Man events, they never address whether those costs were "reasonable," 43 U.S.C. § 1734(b). For example, the 2015 decision calculates that the Bureau's "actual and indirect costs" for that year's event total $2,793,722.27; notes that BMP already paid a deposit of $2,944,827; then awards BMP a refund of $151,104.73. A.R. 688. The letter summarizing the decision does not address whether those "actual and indirect costs" were reasonable. *See* A.R. 688–90. Nor does the Bureau address reasonableness elsewhere in its

decision.  To the contrary, the remainder of the decision shows only—through a combination of

data tables, contracts, and the receipts—that the Bureau actually spent its reported figure.[5]  The

same pattern holds true for the other closeout decisions:  None of them addresses whether the

Bureau's expenditures were reasonable.[6]  Accordingly, none of them addresses whether the

special recreation permit fees were reasonable.  *See* 43 U.S.C. § 1734(b).

The Bureau's argument that it addresses reasonableness in its Estimate Decisions, as

opposed to its Closeout Decisions, does not persuade.  *See* Gov't's Reply at 13.  The Bureau's

briefing does not identify what portions of its Estimate Decisions are relevant to reasonableness.

*See id.*  In addition, the materials that the Bureau identifies as the 2015 Estimate Decision share

the same defect as that year's Closeout Decision.  *See* A.R. 692–701; *see also* Gov't's Mot. for

Summ. J. at 11 (identifying the Estimate Decision as such).  In brief, although the Estimate

Decision lists what the Bureau expected to spend on different categories of costs, it does not

explain either how the Bureau reached those estimates or why its estimates are reasonable.  *See*

A.R. 698–701.  That is not enough to survive substantial evidence review.  *See Kisser*, 14 F.3d at

619.

---

[5] *See* A.R. 465 (summarizing the difference between the Bureau's actual and estimated costs);
A.R. 523–28 (showing labor costs by Bureau employee, with brief descriptions of each
employee's duties); A.R. 343–464 (showing expenses by Bureau contract, with copies of each
contract); A.R. 529–531 (showing travel costs by Bureau employee); A.R. 532 (showing the
utilization of Bureau vehicles); A.R. 466–521 (showing the costs of miscellaneous supplies and
equipment, with copies of corresponding receipts); *see also* Joint App'x Vol. I at 1–192, Dkt. 35-
2 (reproducing the above materials in the above order).

[6] *See* A.R. 786–88, 720, 713–19, 712, 721–25, 789–862 (2016 Closeout Decision); A.R. 1243–
45, 1242, 1157–1241 (2017 Closeout Decision); A.R. 2029–2771 (2018 Closeout Decisions);
A.R. 3643–61 (2019 Closeout Decision); *see also* Joint App'x Vol. I at 193–372, and Vol. II at
1–762, Dkt. 35-3 (reproducing the above materials in the above order).  The 2016–2019 Closeout
Decisions contain the same kinds of information as the 2015 Decision, except that the 2019
Closeout Decision omits the Bureau's underlying contracts and receipts.  *See* A.R. 3643–61.

Finally, although other materials in the record bear on the reasonableness of specific expenditures, they are not enough for the Bureau's total expenditures to survive APA review.  In the Court's view, the best documents for the Bureau are After-Action Reports (AARs) for the Burning Man events in 2015 and 2019.  *See* A.R. 304–42, 3671–84.  These documents discuss what operations the Bureau performed in support of those events and propose a variety of improvements for future years.  *See id.*  Some of that discussion is relevant to whether the Bureau's expenditures on those events was reasonable.  For example, the 2015 AAR explains that the Bureau retained a contractor for dispatch services because the agency had struggled to obtain qualified government dispatchers in the past year.  A.R. 336.  But although AARs provide some information about the 2015 and 2019 events, the Bureau does not appear to have prepared an AAR in 2018, *see* Pls.' Mot. for Summ. J. at 15, and the record contains only two, non-consecutive pages from the 2017 AAR, *see* A.R. 7163, 7165.  In addition, because the Bureau prepared the 2015 AAR after it prepared the 2015 Closeout Decision, the former cannot be part of the administrative record for the latter.  *See Chenery*, 332 U.S. at 196.  Finally, although the 2015 and 2019 AARs bear on the reasonableness of discrete expenditures, they do not address whether the Bureau's overall costs are reasonable.  *See generally* A.R. 304–42, 3671–84.  Nor do they address enough discrete expenditures to create a rough approximation of the whole.  *See id.*  Accordingly, the AARs cannot cure the defects in the Bureau's Closeout Decisions.

For the reasons above, the Court holds that the Closeout Decisions lack substantial evidence that the fees imposed on BMP were reasonable.  Accordingly, those Decisions are "arbitrary" or "capricious" within the meaning of the APA, 5 U.S.C. § 706(2)(A), and the Court must determine the appropriate remedy.

### D.        Remand Without Vacatur Is Appropriate

When an agency inadequately explains the basis for its decision, controlling precedent allows courts to remand that decision for additional explanation without vacating it.  *See Allied-Signal, Inc. v. U.S. Nuclear Regul. Comm'n*, 988 F.2d 146, 150 (D.C. Cir. 1993); *see also Checkosky v. SEC*, 23 F.3d 452, 466 (D.C. Cir. 1994) (Silberman, J., concurring) (collecting cases in which the D.C. Circuit has taken this approach).  In deciding whether to remand without vacatur, courts consider "the seriousness of the [decision's] deficiencies (and thus the extent of doubt whether the agency chose correctly) and the disruptive consequences of an interim change that may itself be changed."  *Allied-Signal*, 988 F.2d at 150–51 (citation omitted).  For the following reasons, the Court will exercise its discretion to remand the Closeout Decisions without vacating them.

First, the Closeout Decisions do not appear to contain serious deficiencies.  *See id.* Although those decisions lack substantial evidence for their bottom-line conclusions, many of BMP's objections to those conclusions fail to persuade.  As explained above, the Bureau is not required to prove that its costs meet any external benchmark, *see Jackson*, 808 F.3d at 936, or to separate its costs in support of the "general public interest" from those it incurred for BMP's "exclusive benefit," 43 U.S.C. § 1734(b).  *See supra* section III.B.  Similarly, this Court will not address *de minimis* costs and is likely to defer to the Bureau's expertise on questions of law enforcement.  *See id.*  To be clear, the Court is not holding that any portion of the Closeout Decisions survives APA review.  Instead, because the Court is "unsure of the [Bureau's] reasoning," it is remanding for additional explanation "without expressing a view" on whether the decisions are lawful.  *Checkosky*, 23 F.3d at 464 (Silberman, J., concurring).

The likelihood of "disruptive consequences" also weighs against vacatur.  *Allied-Signal*, 988 F.2d at 150–51.  If the Court were to vacate the Closeout Decisions, the Bureau would be required to issue BMP either a refund or a credit against future permits.  *See* 43 C.F.R. § 2932.33(a).  The parties would not agree on the amount of that refund.  And if the Court found substantial evidence for the Bureau's position on remand, BMP would be required to return either most or all of the refunded amount.  Structuring those transactions would highly disruptive, and it is hard to see how BMP would benefit from a refund that could well be temporary.

For the reasons above, the Court declines to hold that the Closeout Decisions contain serious deficiencies and finds that vacating them on an interim basis would be highly disruptive. *See Allied-Signal*, 988 F.2d at 150–51.  Accordingly, the Court remands the decisions without vacatur for reconsideration in light of this Memorandum Opinion.

## CONCLUSION

For the foregoing reasons, the plaintiffs' Motion for Summary Judgment, Dkt. 28, is granted in part, and the defendants' Cross-Motion for Summary Judgment, Dkt. 30, is denied.  A separate order consistent with this decision accompanies this memorandum opinion.

DABNEY L. FRIEDRICH
United States District Judge

March 21, 2021

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

BLACK ROCK CITY LLC *et al.*,

        *Plaintiffs*,

    v.

DEBRA HAALAND,
Secretary, U.S. Department of the Interior,
*et al.*,[1]

        *Defendants.*

No. 19-cv-3729 (DLF)

---

## ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is

**ORDERED** that the plaintiffs' Motion for Summary Judgment, Dkt. 28, is **GRANTED**

**IN PART** and **DENIED IN PART**.  Accordingly, it is **ORDERED** that the Closeout Decisions

issued between 2015 and 2019 are **REMANDED** to the Bureau of Land Management without

vacatur.  It is further

**ORDERED** that the defendants' Cross-Motion for Summary Judgment, Dkt. 30, is

**DENIED**.

*Dabney L. Friedrich*
_____
DABNEY L. FRIEDRICH
United States District Judge

March 21, 2022

---

[1] When this complaint was filed, David Bernhardt was the Secretary of the Interior.  When Debra Haaland became Secretary, she was substituted pursuant to Fed. R. Civ. P. 25(d).