**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BLACK ROCK CITY LLC and ) <br> BURNING MAN PROJECT ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DEBRA HAALAND, ) <br> SECRETARY OF THE INTERIOR *et al.* ) <br> ) <br> Defendants. ) <br> ) | Civ. Action No. 1:19-cv-03729-DLF <br><br> MEMORANDUM IN SUPPORT <br> OF PLAINTIFFS' MOTION FOR <br> ATTORNEYS' FEES AND COSTS |

Plaintiffs, Black Rock City LLC and Burning Man Project (collectively, "Plaintiffs" or "BMP") submit the following memorandum of points and authorities in support of Plaintiffs' motion for attorney's fees and relevant costs from the Federal Defendants under Loc. Civ. R. 54.2(a), Fed. R. Civ. Proc. 54(d)(2), and the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Specifically, Plaintiffs seek an award for representation by counsel Holland & Knight LLP and David Levin of the Levin Law Firm. This request is supported by declarations as well as timesheets for both firms attached as exhibits.

The EAJA mandates that a court award the prevailing, eligible party the reasonable attorney fees and expenses incurred in a civil action against the United States or any official or agency of the United States unless a court determines that "the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(a)(1), (d)(1)(A). For the reasons set forth below, BMP qualifies for reimbursement of attorney's fees under the EAJA because (1) the motion is timely; (2) BMP is the "prevailing party"; (3) BMP

1

satisfies the EAJA standard of eligibility; (4) Defendants are not entitled to any exceptions under the EAJA; and (5) BMP's requested fees and expenses are proper and reasonable.

**I.     BMP's MOTION IS TIMELY FILED.**

A motion is timely filed under EAJA when it is submitted within thirty days of a final, non-appealable judgment that includes an order of settlement. 28 U.S.C. § 2412(d)(1)(B); (d)(2)(G). This Court issued its opinion and order concerning the cross motions for summary judgment on March 21, 2022 ("Opinion and Order"). BMP and the Federal Defendants both filed timely notices of appeal to the U.S. Court of Appeals for the District of Columbia Circuit on May 19, 2022. The Federal Defendants voluntarily withdrew their appeal and a formal mandate was issued to that effect on December 12, 2022, but BMP maintained its appeal while the parties engaged in settlement negotiations through the D.C. Circuit's Mediation Program. The parties also conferred via email and phone conversations between June 2022 and June 2023 with the goal of reaching a settlement as to attorney's fees and other matters. Ultimately, mediation efforts were unsuccessful and the parties were unable to reach an agreement.

On July 7, 2023, BMP filed a motion to voluntarily dismiss its appeal. On July 7, 2023, the Circuit Court issued an order dismissing the federal appeal and issued a mandate to the district court. Entry of judgment by following the mandate makes this Court's Opinion and Order a final, non-appealable judgment for the purposes of an EAJA claim. Therefore, submission of this motion within thirty days of the appeal dismissal is timely.

**II.    BMP SATISFIES EAJA'S ELIGIBILITY REQUIREMENTS.**

A party must be eligible under the EAJA to receive its requested attorney's fees and costs. 28 U.S.C. § 2412(d)(2)(B). An eligible party includes any 501(c)(3) tax-exempt organization that does not have more than 500 employees at the time that the civil action was filed. *Id*. These

eligibility requirements apply only to the organization itself and not its individual members. *National Association of Manufacturers v Department of Labor,* 159 F.3d 597 (D.C. Cir. 1998). BMP satisfies this eligibility criteria because it is a tax-exempt 501(c)(3) organization with less than 500 employees at the time that the civil action was filed.

First, BMP is a 501(c)(3) non-profit organization based in San Francisco that meets the standards required under the IRS Code of 1986 for tax-exempt status, as verified in BMP's certifications for the 990 Forms. *See* Ex. A to Decl. of A. Belsky (990 forms for fiscal years 2019-2021).

Second, BMP had less than 500 employees at the time this action was commenced. As indicated in the attached declaration from BMP's General Counsel, BMP had only 118 full-time and 15 part-time employees in December of 2019. *See* Decl. of A. Belsky ¶ 11. Each year, BMP employs thousands seasonal and part-time workers to work at its annual Event over labor day weekend, which is reflected in its 990 Forms. Generally, the 990 Form asks an organization to disclose the total number of employees employed at any given time throughout the relevant year, which differs from the EAJA eligibility requirement that is concerned with the number of employees *at the time of commencing the action* only. For example, BMP's 990 Form for the year 2019 stated that BMP employed 986 personnel during the 2019 year. But, this number includes the hundreds of temporary workers that BMP employed in 2019 to assist with the Event, which are no longer employed by the organization shortly thereafter. *Id.* at ¶ 10.

Courts have previously found that an organization "[employing] a large number of seasonal workers" is not dispositive in determining the accurate number of employees for EAJA eligibility purposes. *Greenpeace, Inc. v. Stewart*, 2020 WL 2465321, at *3 (9th Cir. May 12, 2020). In *Greenpeace*, the organization's 990 Form indicated that it had 3,044 employees in 2008 due to

seasonal workers employed throughout the year for various events and fundraising efforts. *Id.* But, Greenpeace only had 491 employees at the time of filing of its complaint, as explained in its supporting declarations. *Id.* The District Court found that Greenpeace met the 500-employee threshold for the purposes of EAJA eligibility. *Id.*

Like Greenpeace, BMP employs large numbers of temporary workers for its Event that are reflected in its 990 Forms, but that is not indicative of the actual number of BMP employees at the time of initiating this case. When BMP initiated this action on December 13, 2019, BMP employed only 133 employees, which is well below the 500-employee threshold. Therefore, BMP is an eligible party under EAJA as a tax-exempt 501(c)(3) organization with less than 500 employees at the time of commencement of this action.

**III.   BMP IS THE PREVAILING PARTY UNDER EAJA.**

To be awarded requested attorney's fees and costs under EAJA, a plaintiff must be the "prevailing party." 28 U.S.C. § 2412(d)(1). Plaintiffs are unquestionably prevailing parties as BMP prevailed on their claims on the merits.

A plaintiff is a prevailing party by simply "[succeeding] on any significant issue in litigation which achieves some of the benefits the parties sought in bringing the suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1984) (citation omitted). Specifically, the D.C. Circuit Court of Appeals has found that a plaintiff is a prevailing party when "(1) there [is] a court-ordered change in the legal relationship of the parties; (2) the judgment [is] in favor of the party seeking the fees; and (3) the judicial pronouncement [is] accompanied by judicial relief." *SecurityPoint Holdings, Inc. v. Transportation Security Administration*, 836 F.3d 32, 36 (D.C. Cir. 2016). A court's ordering of "a concrete action, or cessation of an action, on the part of the non-prevailing party" is sufficient to satisfy the first prong of a court-ordered change in the legal relationship. *American Great Lakes Ports Ass'n v. Zukunft*, 2021 WL 878891, * at 3 (D.C. Dist. Ct. Mar. 9, 2021).

Plaintiffs' Amended Complaint (Dkt. No. 21), challenged the practices imposed upon BMP by BLM through the Special Recreation Permit ("SRP") process, which BMP must undergo each year in order to hold the Burning Man Event on public lands. Specifically, BMP challenged the unreasonable costs imposed by Defendant Winnemucca District Office for the Bureau of Land Management ("BLM") for five separate Events, the process by which those costs have been demanded, and the inadequate justification for the costs imposed. Plaintiffs alleged that "[d]espite the Cost Recovery Requirements, and BMP's requests, BLM has never provided a sufficient level of detail to ascertain the basis, accuracy, or reasonableness of the costs it alleges to have incurred each year from administration of the Burning Man SRP." Amended Compl. ¶ 44. Plaintiffs sought declaratory and injunctive relief including a finding that the cost recovery process was arbitrary and capricious.

On March 21, 2022, the District Court issued an Order and Memorandum Opinion (Dkt. No. 37) granting in part and denying in part BMP's motion for summary judgment, denying BLM's cross-motion for summary judgment in its entirety, and remanding the cost recovery Closeout Decisions to BLM for reconsideration with direction to provide substantial justification for its charges on remand. *Black Rock City LLC v. Haaland*, No. 19-cv-3729 (DLF), 2022 WL 834070 (D.D.C. March 21, 2022). This Court articulated a standard that BLM must meet in order to demonstrate that its costs are "reasonable" under the cost recovery requirements of Federal Land Policy and Management Act, 43 U.S.C. § 1701 *et seq.* Specifically, BLM must generally identify: (1) what functions it performed in support of the permitted activity, (2) what concrete resources it devoted to those functions, and (3) why its expenditures on those resources were reasonable under the circumstances. *Black Rock City*, 2022 WL 834070, at *7. This Court concluded that BLM "failed to provide substantial evidence that the Closeout Decisions meet the standard described

5

above," and that, upon review of the administrative record, "the Closeout Decisions lack substantial evidence that the fees imposed on BMP were reasonable. Accordingly, [BLM's] Decisions are 'arbitrary' or 'capricious' within the meaning of the APA." *Id.* at 17. Thus, BMP substantially prevailed on the fundamental issue underlying this case – whether the administrative record provided substantial evidence that the five years of Closeout Decisions were "reasonable" under the standards of FLPMA. The decisions were remanded to BLM without vacatur (given that vacating them on an interim basis would be highly disruptive) for reconsideration under the proper standard. *Id.* at 18-19.

BMP satisfies the prevailing party test established in *SecurityPoint*. First, this Court's decision constitutes a court-ordered change in the legal relationship of the parties because it ordered BLM to perform a concrete action, *i.e.*, to provide substantial evidence that BLM's Closeout Decisions meet the cost recovery requirements under FLPMA. Second, the judgment is in favor of BMP because the Court found that BLM's Closeout Decisions were arbitrary and capricious within the meaning of the APA. And, BLM was ordered to take action.  A judgment is in favor of the party seeking the fees if there is a change in the legal relationship and the court awards some of the relief sought. *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (2018). Prevailing on all litigated issues is not necessary for the court to determine whether a party is a prevailing party. *Id*. at 790. Here, although the Court did not agree with all of BMP's legal theories, the Court ultimately held that Defendant's decisions were "arbitrary and capricious" under the Administrative Procedure Act's standard of review and unsupported by substantial evidence to demonstrate that the expenditures were "reasonable" under FLPMA, which satisfies the second prong. Third, the judgment is accompanied by judicial relief in the form of remand for BLM to address the identified deficiencies.

A plaintiff is still a prevailing party even when securing a remand that may require further administrative proceedings. In *SecurityPoint*, the Court held that the plaintiff was the prevailing party in a dispute against a government agency, even though the case had been remanded for reconsideration. *SecurityPoint*, 836 F.3d at 39. In so holding, the Court found that "a petitioner who secures a remand terminating the case and requiring further administrative proceedings in light of agency error is a prevailing party without regard to the outcome on remand." *Id.; see also American Great Lakes*, 2021 WL 878891, * at 3. Here, like *SecurityPoint*, BMP was the prevailing party despite the remand, which is enough to satisfy the prevailing party test set forth by the D.C. Circuit Court of Appeals.

For these reasons, BMP is a prevailing party under EAJA and therefore entitled to its requested fees and costs.

## IV. DEFENDANT IS NOT ENTITLED TO ANY OF THE EXCEPTIONS UNDER EAJA.

Once a party is deemed a prevailing party under EAJA, that party must receive its requested fees and costs unless the court determines "the agency's position was substantially justified." *SecurityPoint Holdings, Inc.*, 836 F.3d at 39 (quoting 28 U.S.C. § 2412(d)(1)(A)). It is the government's burden to demonstrate that its position was "substantially justified." *Id.* A position is only substantially justified "if it has a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 566 (1988).

BLM cannot meet its burden of proving that its actions and litigation position were substantially justified. The Court applied a straightforward reading of the FLPMA law and regulation to determine that BLM's actions were improper. BLM's defense of the Closeout Decisions was not substantially justified because those decisions "never addressed whether those costs were 'reasonable'" under FLPMA, which is the black letter statutory standard. *Black Rock*

*City*, 2022 WL 834070, at *15. BLM lacked substantial evidence that its Closeout Decisions met the underlying statutory requirements, which is a textbook example of "arbitrary and capricious" agency actions under the APA.

In *SecurityPoint*, the court held that the government agency's position was not substantially justified because it failed to consider "potential harms" that were advanced by SecurityPoint during the underlying action and remained "wholly unresponsive" to them. *SecurityPoint Holdings, Inc.*, 836 F.3d at 40. Similarly, here, BMP began challenging the Cost Recovery Decisions in 2016, arguing that they failed under the FLPMA standards. Despite BMP's requests for documentation and information to support the reasonableness of Defendant BLM's decisions under FLPMA, BLM consistently failed each year to provide substantial evidence as required under the statute – as now determined by this Court. Also, in *Pierce*, the court held that the government's position was not substantially justified because it was required by statute to implement the subsidy program that it sought to refrain from implementing. *Pierce*, 487 U.S. at 570. Likewise, BLM is required to demonstrate that its costs are "reasonable" under the cost recovery requirements of FLPMA. Refraining from doing something that it is statutorily required to do is not a substantially justified position.

In turn, there are no "special circumstances" that would warrant denial of this request. The "special circumstances" exception to eligibility under EAJA is a "'safety valve' [that] … gives the court discretion to deny awards where equitable considerations dictate an award should not be made." H.R. Rep. No. 1418, 96th Cong., 2nd Sess. 5, 11, reprinted in 1980 U.S.C.C.A.N. 4984, 4990. BLM can point to no actions taken by Plaintiffs that would make them ineligible.

Thus, given that Defendant's position was not substantially justified, BLM is not entitled to any exceptions under EAJA.

**V.     BMP'S REQUESTED ATTORNEY'S FEES AND EXPENSES ARE BOTH PROPER AND REASONABLE UNDER EAJA.**

Eligible parties are entitled to reasonable attorney's fees and costs under EAJA, as determined by the prevailing market rates that represent the "kind and quality of the services furnished." 28 U.S.C. § 2412(d)(2)(A). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. A plaintiff's requested fees and costs are reasonable if (1) the "attorney's charged a reasonable hourly rate;" and (2) the hours logged on the matter were reasonable. *Nat'l Venture Cap. Ass'n v. Nielsen*, 318 F. Supp. 3d 145, 151 (D.D.C. 2018) (quoting *In re Donovan*, 877 F.2d 982,990 (D.C. Cir. 1989)). For the reasons discussed below, BMP's requested attorney's fees and costs and proper and reasonably under EAJA.

   a.   <u>The Determined Hourly Rates are Reasonable.</u>

EAJA limits the recoverable hourly rate to $125 per hour with an acceptable upward adjustment based upon the cost of living, inflation or another special factor. 28 U.S.C. § 2412(d)(2)(A). In making fair adjustments, courts can apply the lodestar method, which multiplies the number of hours reasonably spent on the matter by the reasonable hourly rate. *Kirwa v. U.S. Dept. of Def.*, 2022 WL 160104, at *3 (D.D.C. Jan. 18, 2022). The Ninth Circuit annually publishes applicable statutory maximum hourly rates under EAJA for each specified year with recognition of inflation and market conditions,[1] which are frequently applied by this Court as a reasonable hourly rates under EAJA. *See, e.g., Aslyumworks v. Mayorka*, No. 20-cv-3815, 2023 WL 2733722, at *11 (D.C. 2023).

---

[1] *"Statutory Maximum Rates Under the Equal Access to Justice Act,"* United States District Court for the Ninth Circuit, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited July 27, 2023).

9

In this case before the Court, BMP was represented by Holland & Knight LLP and the David Levin Law Firm. As indicated in the attached Declaration, the attorneys from Holland & Knight LLP are based out of Washington, D.C. and San Francisco, California. *See* Declaration of R. Petersen. David Levin is based in Palo Alto, California. Applying the cost-of-living adjustment from the Ninth Circuit, as recognized by this Court, the Plaintiffs have applied the following rates for work performed in each year: 2019 - $205.25; 2020 - $207.78; 2021 - $217.54; 2022 - $231.49; and 2023 - $234.95. These calculated rates are judicially recognized, not arbitrary, and therefore reasonable as applied to BMP's attorney's fees.

As can be imagined, these rates are far below the fees that BMP actually paid for such services. The level of expertise and skill sets offered by counsel would not normally be provided at these rates in this particular market. Indeed, to make BMP whole would require tripling the lodestar rates. Plaintiffs therefore request the Court to consider an enhanced rate given the specialized practice and expertise of the counsel involved. *See Pierce* 487 U.S. at 572 (the special factor includes "attorneys having some distinctive knowledge or specialized skill needful for the litigation in question").

b. <u>The Requested Attorney's Fees and Expenses are Reasonable</u>

The prevailing party's requested fees and costs are considered reasonable based on the "results obtained" and the party's ability to make a "good faith effort" to eliminate fees that are "excessive, redundant, or otherwise unnecessary"– ultimately exercising good "billing judgment." *Hensley*, 461 U.S. at 434, *See also Nat'l Venture Cap. Ass'n* 318 F. Supp. 3d at 152. "Where a plaintiff has obtained excellent results, [its] attorney should recover a fully compensatory fee." *Hensley*, 461 U.S. 435. Plaintiffs' counsel are skilled litigators with substantial experience. As set forth in the Declaration submitted herewith, Plaintiffs' attorneys recorded every task performed

and every minute expended on this litigation. The final bills were edited and then those bills were further reduced to get to the requested number of hours for this motion. Petersen Decl. at ¶¶ 12, 14. Providing "sufficient detail" for work performed in a fee report can demonstrate that a requested fee is reasonable, *Peyton v. Kijakazi*, 557 F. Supp. 3d 136, 143 (D.D.C. 2021), but a precise level of detail for every hour billed is not required to grant the plaintiff's requested costs and fees. *See Nat'l Venture Cap. Ass'n,* 318 F. Supp. 3d at 153. Unlike in *Peyton*, in which the court found that fees were "insufficiently descriptive," 318 F. Supp. 3d at 143, time entries by BMP's attorneys provide the reader with a sufficient amount of information to discern what work was performed during the hours billed, discussing the relevant tasks and scope of the work performed. The specific tasks performed are further described in the exhibits to the declarations. *See* Exs A and B to Petersen Decl.

In preparing this motion, counsel for Plaintiffs made the requisite "good faith effort to exclude from [their] fee request hours that are excessive, redundant, or otherwise unnecessary," *Hensley*, 461 U.S. at 434, exercising careful billing judgment to exclude from their time records any time that may have been unreasonable or otherwise expended on tasks not appropriately included in a fees claim. *See* Petersen Decl. at ¶ 14 (discussing editing of time).[2] The remaining time that Plaintiffs spent developing the case, reviewing the administrative record, drafting pleadings, and doing similar work is all clearly compensable. *See Webb v. Bd. of Educ. of Dyer Cnty, Tenn.*, 471 U.S. 234, 243 (1985). Moreover, counsel for Plaintiffs spent hundreds of hours briefing the 2015-2019 cost appeals before the IBLA prior to this case being filed, which substantially reduced the amount of effort required here (*e.g.* being familiar with the administrative

---

[2] Holland and Knight also reviewed and edited the billing records of David Levin of the Levin Law Firm. *See* Petersen Decl. at ¶ 17.

11

record from the IBLA proceeding reduced that amount of work). Plaintiffs' counsel also spent hundreds of hours engaging in mediation and settlement efforts outside of this court, none of which is included in this petition. Plaintiffs have appropriately limited their attorney's fee request to only the hours spent on the case before this Court.

Additionally, a party's success in litigation is a significant factor to determine the reasonableness of the requested attorney's fees and costs. *Hensley*, 461 at 435. In *Hensley*, the court placed immense weight on the success of plaintiff's counsel in an action against the government when it awarded the requested fees, and the court even admonished the lower court for failing to consider the plaintiff's success in determining the reasonableness of the requested fees. *Hensley*, 461 U.S. at 40.[3] Given that BMP is the prevailing party in this case as discussed above, the success of BMP's counsel should weigh in favor of justifying the reasonableness of the fees billed.

Lastly, maintaining a minimal staff for the amount of work performed can demonstrate that requested fees and costs are not "excessive." *Nat'l Venture Cap. Ass'n*, 318 F. Supp. 3d at 153. In *Nat'l Venture Cap. Ass'n*, the court favorably recognized that plaintiff's counsel maintained a team of two attorneys and one paralegal for the matter and billed far below analogous cases. *Id*. Here, despite the complexities in this case, Holland & Knight LLP maintained a lean team of one partner and one associate with occasional support from one other partner, and David Levin performed the summary judgment work himself. Petersen Decl. at ¶ 13. Neither Holland & Knight LLP nor David Levin Law Firm excessively staffed a team of attorneys, paralegals, or other staff to the matter. Moreover, as indicated in the attached declaration, BMP's counsel has already made a good faith

---

[3] Unlike in *Hensley*, BMP had only one cause of action and prevailed on that claim.

effort to eliminate unnecessary fees by, for example, reducing their own time entries on the final bills sent to BMP based on professional judgment. Petersen Decl. at ¶¶ 12, 14.

For these reasons – because BMP's counsel provided sufficient detail in its fee reports, counsel wrote off a significant number of hours, BMP was successful in the litigation, and BMP's counsel maintained a lean litigation team – the requested attorney's fees and costs are reasonable. The following table summarizes both the rates and hours claimed thus far by BMP's counsel, as further specified in Exhibits A and B to the Petersen Declaration, and which does not include all of the time and costs spent on this fees petition[4]:

**Attorney's Fees and Costs**

|  | **2019 Fees** | **2020 Fees** | **2021 Fees** | **2022 Fees** | *Sub-Totals* |
|---|---|---|---|---|---|
| **Holland & Knight LLP** | $38,340.70 | $49,472.42 | $55,929.53 | $2,106.56 | *$145,849.21* |
| **Levin Law Firm** | N/A | $3,636.15 | $23,059.24 | $231.49 | *$26,926.88* |
|  |  |  |  | **TOTAL FEES:** | **$172,776.09** |

Additionally, as further specified in Exhibit A to the Petersen Declaration, BMP is requesting $16,329.89 of legal costs and expenses. Together with the total fees described above, BMP is requesting $189,105.98 in recoverable attorney's fees and expenses to date under EAJA, and will later provide the amount of recoverable attorney's fees and expenses incurred in connection with this fee petition.

---

[4] Counsel will update the number of hours related to the fee petition when that briefing is completed.

## CONCLUSION

BMP is an eligible party and is entitled to recover its reasonable attorney's fees and costs under the Equal Access to Justice Act. Therefore, BMP respectfully request that the Court orders Defendants to pay $172,776.09 in attorney's fees and $16,329.89 in costs to date as specified within this motion, plus the additional fees and costs expended in relation to this fee petition.

Respectfully submitted this 7th day of August, 2023.

HOLLAND & KNIGHT LLP

By: /s/ Rafe Petersen

Rafe Petersen (Bar ID Number: 465542)
Alexandra E. Ward (Bar ID Number: 1687003)
800 17th Street NW, #1100
Washington, D.C. 20006
rafe.petersen@hklaw.com
alexandra.ward@hklaw.com
T: (202) 419-2481
F: (202) 955-5564

*Attorneys for Plaintiffs, Black Rock City LLC and Burning Man Project*

#223423954_v7